**In the United States District Court**
**For the Northern District of Ohio**
**Eastern Division**

| | | |
|---|---|---|
| Gerald W. Phillips | ) | |
| 461 Windward Way | ) | Case No. |
| Avon Lake, Ohio 44012 | ) | |
| | ) | |
|     Plaintiff | ) | Judge: |
| | ) | |
|     vs. | ) | Verified Complaint for Civil Rights |
| | ) | Violations, Declaratory Judgment |
| | ) | and Injunctive Relief and Jury Demand |
| Lorain County Board of Elections | ) | |
| 1985 North Ridge Road East | ) | |
| Lorain, Ohio 44055 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Thomas Smith | ) | |
| 1985 North Ridge Road East | ) | |
| Lorain, Ohio 44055 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Helen Hurst | ) | |
| 1985 North Ridge Road East | ) | |
| Lorain, Ohio 44055 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Anthony Giardini | ) | |
| 1985 North Ridge Road East | ) | |
| Lorain, Ohio 44055 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Marilyn Jacobcik | ) | |
| 1985 North Ridge Road East | ) | |
| Lorain, Ohio 44055 | ) | |
| | ) | |
| and | ) | |
| | ) | |

1

State of Ohio                                    )
Secretary of State                               )
Jon Husted                                       )
180 East Broad St. 16th Floor         )
Columbus, Ohio 43215                             )
                                                 )
and                                              )
                                                 )
State of Ohio                                    )
Attorney General                                 )
Mike DeWine                                      )
30 East Broad St. 14th Floor          )
Columbus, Ohio 43215                             )
                                                 )
         Defendants                              )
                                                 )

Now comes the Plaintiff who does hereby submit the following as his Complaint against

the Defendants:

**Parties**

1)      Plaintiff Gerald W. Phillips is a resident, citizen, taxpayer and elector in Lorain County,

Ohio residing at 461 Windward Way, Avon Lake, Ohio 44012 ("Phillips");

2)      Defendant Lorain County Board of Elections is the duly authorized board of elections for

Lorain County, Ohio ("Board") operating under the direction and control of the Defendant

Secretary of State of Ohio, Jon Husted, chief election officer in the State of Ohio, whose

principal office is located at 1985 North Ridge Road East, Lorain, Ohio 44055 in Lorain County,

Ohio;

3)      Defendants Thomas Smith ("Smith"), Helen Hurst ("Hurst"), Anthony Giardini

("Giardini"), and Marilyn Jacobcik ("Jacobcik"), are duly authorized and appointed board

members of the Defendant Board;

4)     Defendant State of Ohio, Secretary of State Jon Husted, is the duly authorized elected secretary of the State for Ohio, and is the chief election officer for the State of Ohio ("Secretary") ("Husted");

5)     Defendant State of Ohio, Attorney General Mike DeWine, is the duly authorized elected attorney general of the State of Ohio, and is responsible for upholding the constitutionality of all laws in the State of Ohio including election laws ("Attorney General") ("DeWine");

6)     Defendants Board, Smith, Hurst, Giardini and Jacobcik are made parties hereto in their official capacity as election officials and election board, whose duties include the enforcement and application of the election laws of the State of Ohio, state action;

7)     Defendants Secretary, Attorney General, Husted and DeWine are made parties hereto in their official capacity, as chief election officer and as chief counsel for the State of Ohio, whose duties include the enforcement and application of the elections laws of the State of Ohio, including their constitutional enforcement and application, state action;

**Venue**

8)     Venue is proper since Plaintiff resides in Lorain County, Ohio, Defendants Board, Smith, Hurst, Giardini and Jacobcik are residents of Lorain County, Ohio and the principal office of the Board is located in Lorain County, Ohio, and the cause of action arose from activity and conduct in Lorain County, Ohio;

**Jurisdiction**

9)     Jurisdiction is proper since the Complaint involves federal questions, pertaining to civil rights violations, Section 1983 action, and violations of the constitutional rights of the Plaintiff under the U.S. Constitution, including the 1st Amendment and the 14th Amendment. This action is being brought pursuant to and under 42 USC Section 1983;

**Factual Background**

10)     On 3-14-16 Phillips timely filed fourteen (14) part petitions containing one hundred fifty-one (151) signatures for the Lorain County Common Pleas Judgeship for the unexpired term ending 1-4-19 ("Petitions");

11)     Phillips is a duly licensed attorney at law practicing law in the State of Ohio for over 38 years and as such is qualified under the laws of the State of Ohio for the office of judge;

12)     The Board reviewed the Petitions and determined that the Petitions contained one hundred eight (138) valid signatures of electors in Lorain County;

13)     Pursuant to ORC Section 3513.257 the Board determined that the number of signatures needed on the Petitions were 778 (1% x 77,820);

14)     On 3-15-16 Phillips voted in the Presidential Primary Election requesting a republican primary ballot;

15)     Phillips only voted for the office of president and for issues at the primary election held on 3-15-16, he did not vote for any other offices;

16)     Phillips is not a party officer, and he has not been any member, elected or appointed, of a controlling committee, whether representing the territory of the state, a district therein, a county, township, a city, a ward, a precinct, or other territory, of a major or minor political party;

17)     Phillips has not ever held an elective office as a candidate of a major or minor political party;

18)     On 4-4-16, the Board held a meeting on independent candidacy petitions including the Phillips Petitions;

19)     At the Board meeting the Board unanimously voted to reject the Petitions upon advice of its Counsel, for the following two reasons: A) the Petitions did not have 778 valid signatures;

and 2) that Phillips by his voting in the Presidential Election by requesting a republican primary ballot, was disqualified as an independent candidate, a true and accurate copy of the Board meeting minutes for 4-4-16 is attached as Exhibit A;

20)     On 3-14-16 Phillips challenge the constitutionality of ORC Section 3513.257 claiming that it is unconstitutional on its face and as applied to independent candidates, a true and accurate copy of his letter dated 3-14-16 is attached as Exhibit B;

21)     On 3-15-16 Phillips challenge the constitutionality of his voting in the primary election, a true and accurate copy of his letter dated 3-15-16 is attached hereto as Exhibit C;

22)     On 4-28-16 the Board approved the meeting minutes from its 4-4-16 meeting, Exhibit A;

**Signature Requirement-Unconstitutional Burden**

23)     Pursuant to ORC Section 3513.05 major party candidates, democrats and republicans, signature requirement for common pleas court judge is 50 signatures, and minor party candidates signature requirement for common pleas court judge is 25 signatures;

24)     ORC Section 3513.05 provides for a fixed number of signatures for major party candidates and minor party candidates and provides for a relative ease of access to the ballot;

25)     ORC Section 3513.257 (C) provides a percentage method for the number of signature for independent candidates for judicial office, which place upon such judicial candidates a heavy burden of access to the ballot;

26)     Pursuant to ORC Section 3513.257 (C) the number of signatures for independent candidates for common pleas court judge in a county where the number of votes cast for governor in the last election for governor is 1% of the number of votes cast for governor in said last election;

27)     Pursuant to ORC Section 3513.27 (C) Phillips would need 778 signatures;

28)     The right to vote is "heavily burdened" if that vote may be cast only for major party candidates at a time when other parties or other candidates are clamoring for a place on the ballot, *Williams vs. Rhodes* (1968) 393 US 23, 32;

29)      ORC Section 3513.27 unconstitutionally burdens the right of individuals to associate for the advancement of political beliefs, and the right of qualified voters regardless of their political persuasion to cast their votes effectively, rights guaranteed under the U.S. Constitution 1st Amendment, freedom of speech, right to peacefully assemble, and the right to petition ones government for redress of grievances, and the Ohio Constitution Article 1, Section 1, Article 1, Section 3, and Article 1, Section 11, *Williams vs. Rhodes* (1968) 393 US 23, 30-31;

30)     ORC Section 3513.27 unconstitutionally violates the constitutionally rights of independent candidates for judgeship in Ohio by denying them equal protection of the law guaranteed under the U.S. Constitution 14th Amendment and the Ohio Constitution Article 1, Section 2;

31)     Ohio Election law ORC Section 3505.08 provides for four types of ballots, one being a non-partisan ballot;

32)     Ohio Election law ORC Section 3505.04 provides for non-partisan ballots for all judgeship offices;

33)     It is the well-established and settled law and policy of the State of Ohio that judgeship offices are non-partisan, a judge in his official capacity can serve no party, promulgate no partisan theories of government, and encourage no partisan measures;

34)     ORC Section 3513.257 imposes a burden which falls unequally on independent candidates for judgeship, which impinges by its very nature on associated choices protected by

the U.S. Constitution 1ˢᵗ Amendment and the Ohio Constitution Article 1, Section 1, Article 1, Section 3, and Article 1, Section 11;

35)     ORC Section 3513.257 discriminates against those candidates of particular importance against those voters whose political preferences lie outside the major political parties, and limits the opportunities of independent minded voters to associate in the electoral arena to enhance their political effectiveness as a group, such restriction reduces diversity and competition in the marketplace of ideas;

36)     Under the Ohio electoral system for judgeship, such system strongly favors the "two party system" and in particular it discriminates in favor of two particular parties the democrats and the republicans, and in effect tends to give them a complete monopoly over the electoral process for judgeship in Ohio, *Williams vs. Rhodes* (1968) 393 US 23, 32;

37)     There is of course no reason why two parties should retain a permanent monopoly on the right to have people vote for or against them. Competition in ideas and government policies is at the core of our electoral process and of the First Amendment freedoms, *Williams vs. Rhodes* (1968) 393 US 23, 32;

38)     Under the Ohio electoral system for judgeship, the election laws of the State of Ohio taken on whole, on its face and as applied to the Phillips Petitions and independent judicial candidates unconstitutionally denies Plaintiff and other similar situated independent candidates equal protection and/or provides a special privilege for major party judicial candidates in violation of the U.S. Constitution 14ᵗʰ Amendment and the Ohio Constitution Article 1, Section 2;

39)     Under the Ohio electoral system for judgeship, the election laws of the State of Ohio taken on whole,  on its face and as applied to the Phillips Petitions and independent judicial

candidates unconstitutionally burdens the right of individuals to associate for the advancement of political beliefs, and the right of qualified voters regardless of their political persuasion to cast their votes effectively, rights guaranteed under the U.S. Constitution 1st Amendment, freedom of speech, right to peacefully assemble, and the right to petition ones government for redress of grievances, and the Ohio Constitution Article 1, Section 1, Article 1, Section 3, and Article 1, Section 11, *Williams vs. Rhodes* (1968) 393 US 23, 30-31;

### Constitutional Right to Vote-Unconstitutional Burden

40)      With reference to the right to vote, no right is more precious in a free country than that of having a voice in the election of those who make the laws under which as good citizens we must live. Other rights even the most basic are illusory if the right to vote is undermined, *Williams vs. Rhodes* (1968) 393 US 23, 32;

41)      Defendants actions and conduct in disqualifying Phillips and the Phillips Petitions as a result of his exercise of his constitutional right to vote in the Presidential Primary Election held on 3-15-16, is unconstitutional impinging upon the right of individuals to associate for the advancement of political beliefs, and the right of qualified voters regardless of their political persuasion to cast their votes effectively, rights guaranteed under the U.S. Constitution 1st Amendment, freedom of speech, right to peacefully assemble, and the right to petition ones government for redress of grievances, and the Ohio Constitution Article 1, Section 1, Article 1, Section 3, and Article 1, Section 11, *Williams vs. Rhodes* (1968) 393 US 23, 30-31;

42)      Defendants actions and conduct in disqualifying Phillips and the Phillips Petitions as a result of his exercise of his constitutional right to vote in the Presidential Primary Election held on 3-15-16, is unconstitutional denying him equal protection of the laws, rights guaranteed under the

U.S. Constitution 14th Amendment, and the Ohio Constitution Article 1, Section 2; *Williams vs. Rhodes* (1968) 393 US 23, 30-31;

43)     To the extent that the Defendants relied upon Secretary of State Advisory Opinion 2007-05 in disqualifying Phillips Petitions as a result of his exercise of his constitutional right to vote in the Presidential Primary Election held on 3-15-16, such reliance and application is unconstitutional impinging upon the right of individuals to associate for the advancement of political beliefs, and the right of qualified voters regardless of their political persuasion to cast their votes effectively, rights guaranteed under the U.S. Constitution 1st Amendment, freedom of speech, right to peacefully assemble, and the right to petition ones government for redress of grievances, and the Ohio Constitution Article 1, Section 1, Article 1, Section 3, and Article 1, Section 11, *Williams vs. Rhodes* (1968) 393 US 23, 30-31;

44)     To the extent that the Defendants relied upon Secretary of State Advisory Opinion 2007-05 in disqualifying Phillips and the Phillips Petitions as a result of his exercise of his constitutional right to vote in the Presidential Primary Election held on 3-15-16, such reliance and application is unconstitutional denying him equal protection of the laws, rights guaranteed under the U.S. Constitution 14th Amendment, and the Ohio Constitution Article 1, Section 2; *Williams vs. Rhodes* (1968) 393 US 23, 30-31;

45)     To the extent that the Defendants failed to treat Phillips as a non-partisan candidate in disqualifying Phillips and the Phillips Petitions as a result of his exercise of his constitutional right to vote in the Presidential Primary Election held on 3-15-16, such failure is unconstitutional impinging upon the right of individuals to associate for the advancement of political beliefs, and the right of qualified voters regardless of their political persuasion to cast their votes effectively, rights guaranteed under the U.S. Constitution 1st Amendment, freedom of speech, right to

9

peacefully assemble, and the right to petition ones government for redress of grievances, and the Ohio Constitution Article 1, Section 1, Article 1, Section 3, and Article 1, Section 11, *Williams vs. Rhodes* (1968) 393 US 23, 30-31;

46) To the extent that the Defendants failed to treat Phillips as a non-partisan candidate in disqualifying Phillips and the Phillips Petitions as a result of his exercise of his constitutional right to vote in the Presidential Primary Election held on 3-15-16, such failure is unconstitutional denying him equal protection of the laws, rights guaranteed under the U.S. Constitution 14th Amendment, and the Ohio Constitution Article 1, Section 2; *Williams vs. Rhodes* (1968) 393 US 23, 30-31;

## Count I
### Violations Constitutional Rights-First Amendment Rights
#### (U.S. Constitution 1st Amendment, Ohio Constitution, Article 1, Section 1, Article 1, Section 3, and Article 1, Section 11)

47) For purposes of Count I, Plaintiff does hereby incorporate by reference herein as if fully restated herein paragraphs 1 through 46;

48) Defendants actions and conduct in denying the Plaintiff access to the ballot and the Phillips Petitions based upon the Ohio elections laws for judgeship including the application of ORC Section 3513.257, violates the Plaintiff constitutional rights guaranteed under the U.S. Constitution 1st Amendment and the Ohio Constitution, Article 1, Section 1, Article 1, Section 3, and Article 1, Section 11;

49) Defendants actions and conduct in denying the Phillips access to the ballot and the Phillips Petitions, and disqualifying Phillips Petitions as a result of his exercise of his constitutional right to vote in the Presidential Primary Election held on 3-15-16, violates the Plaintiff constitutional rights guaranteed under the U.S. Constitution 1st Amendment and the Ohio Constitution, Article 1, Section 1, Article 1, Section 3, and Article 1, Section 11;

**Count II**
**Violations Constitutional Rights-Equal Protection**
**(U.S. Constitution 14th Amendment, Ohio Constitution, Article 1, Section 2)**

50)    For purposes of Count II, Plaintiff does hereby incorporate by reference herein as if fully restated herein paragraphs 1 through 49;

51)    Defendants actions and conduct in denying the Plaintiff access to the ballot and the Phillips Petitions based upon the Ohio elections laws for judgeship including the application of ORC Section 3513.257, is unconstitutional denying equal protection of the laws, rights guaranteed under the U.S. Constitution 14th Amendment, and the Ohio Constitution Article 1, Section 2;

52)    Defendants actions and conduct in denying the Phillips access to the ballot and the Phillips Petitions, and disqualifying Phillips Petitions as a result of his exercise of his constitutional right to vote in the Presidential Primary Election held on 3-15-16, is unconstitutional denying equal protection of the laws, rights guaranteed under the U.S. Constitution 14th Amendment, and the Ohio Constitution Article 1, Section 2;

**Count III**
**Declaratory Judgement Relief- Constitutional Rights-First Amendment Rights**
**(U.S. Constitution 1st Amendment, Ohio Constitution, Article 1, Section 1,**
**Article 1, Section 3, and Article 1, Section 11)**

53)    For purposes of Count III, Plaintiff does hereby incorporate by reference herein as if fully restated herein paragraphs 1 through 52;

54)    There exists controversy regarding the constitutionality of the Defendants actions and conduct in denying the Plaintiff access to the ballot and the Phillips Petitions based upon the Ohio elections laws for judgeship including the application of ORC Section 3513.257, and violations of the Plaintiff constitutional rights guaranteed under the U.S. Constitution 1st

11

Amendment and the Ohio Constitution, Article 1, Section 1, Article 1, Section 3, and Article 1, Section 11;

55)     There exists controversy regarding the Defendants actions and conduct in denying Phillips access to the ballot and the Phillips Petitions, and disqualifying Phillips Petitions as a result of his exercise of his constitutional right to vote in the Presidential Primary Election held on 3-15-16, and violations of the Plaintiff constitutional rights guaranteed under the U.S. Constitution 1st Amendment and the Ohio Constitution, Article 1, Section 1, Article 1, Section 3, and Article 1, Section 11;

56)     A declaration of the Plaintiff constitutional rights regarding the Defendants actions and conduct in denying Phillips access to the ballot and the Phillips Petitions based upon the Ohio elections laws for judgeship including the application of ORC Section 3513.257, and violations of the Plaintiff constitutional rights guaranteed under the U.S. Constitution 1st Amendment and the Ohio Constitution, Article 1, Section 1, Article 1, Section 3, and Article 1, Section 11, will resolve such controversy;

57)     A declaration of the Plaintiff constitutional rights regarding the Defendants actions and conduct in denying Phillips access to the ballot and the Phillips Petitions as a result of his exercise of his constitutional right to vote in the Presidential Primary Election held on 3-15-16, and violations of the Plaintiff constitutional rights guaranteed under the U.S. Constitution 1st Amendment and the Ohio Constitution, Article 1, Section 1, Article 1, Section 3, and Article 1, Section 11, will resolve such controversy;

58)     Plaintiff seeks a declaration by this Court and declaratory judgment relief, declaring that the Defendants actions and conduct in denying Phillips access to the ballot and the Phillips Petitions based upon the Ohio elections laws for judgeship including the application of ORC

Section 3513.257, are violations of the Plaintiff constitutional rights guaranteed under the U.S. Constitution 1st Amendment and the Ohio Constitution, Article 1, Section 1, Article 1, Section 3, and Article 1, Section 11,

59)      Plaintiff seeks a declaration by this Court and declaratory judgment relief, declaring that the Defendants actions and conduct in denying Phillips access to the ballot and the Phillips Petitions as a result of his exercise of his constitutional right to vote in the Presidential Primary Election held on 3-15-16, are violations of the Plaintiff constitutional rights guaranteed under the U.S. Constitution 1st Amendment and the Ohio Constitution, Article 1, Section 1, Article 1, Section 3, and Article 1, Section 11;

**Count IV**
**Declaratory Judgment Relief- Violations Constitutional Rights-Equal Protection**
**(U.S. Constitution 14th Amendment, Ohio Constitution, Article 1, Section 2)**

60)      For purposes of Count IV, Plaintiff does hereby incorporate by reference herein as if fully restated herein paragraphs 1 through 59;

61)      There exists controversy regarding the constitutionality of the Defendants actions and conduct in denying the Plaintiff access to the ballot and the Phillips Petitions based upon the Ohio elections laws for judgeship including the application of ORC Section 3513.257, and violations of the Plaintiff constitutional rights guaranteed under the U.S. Constitution 14th Amendment and the Ohio Constitution, Article 1, Section 2;

62)      There exists controversy regarding the Defendants actions and conduct in denying Phillips access to the ballot and the Phillips Petitions, and disqualifying Phillips Petitions as a result of his exercise of his constitutional right to vote in the Presidential Primary Election held on 3-15-16, and violations of the Plaintiff constitutional rights guaranteed under the U.S. Constitution 14th Amendment and the Ohio Constitution, Article 1, Section 2;

13

63)     A declaration of the Plaintiff constitutional rights regarding the Defendants actions and conduct in denying Phillips access to the ballot and the Phillips Petitions based upon the Ohio elections laws for judgeship including the application of ORC Section 3513.257, and violations of the Plaintiff constitutional rights guaranteed under the U.S. Constitution 14th Amendment and the Ohio Constitution, Article 1, Section 2, will resolve such controversy;

64)     A declaration of the Plaintiff constitutional rights regarding the Defendants actions and conduct in denying Phillips access to the ballot and the Phillips Petitions as a result of his exercise of his constitutional right to vote in the Presidential Primary Election held on 3-15-16, and violations of the Plaintiff constitutional rights guaranteed under the U.S. Constitution 14th Amendment and the Ohio Constitution, Article 1, Section 2, will resolve such controversy;

65)     Plaintiff seeks a declaration by this Court and declaratory judgment relief, declaring that the Defendants actions and conduct in denying Phillips access to the ballot and the Phillips Petitions based upon the Ohio elections laws for judgeship including the application of ORC Section 3513.257, are violations of the Plaintiff constitutional rights guaranteed under the U.S. Constitution 14th Amendment and the Ohio Constitution, Article 1, Section 2;

66)     Plaintiff seeks a declaration by this Court and declaratory judgment relief, declaring that the Defendants actions and conduct in denying Phillips access to the ballot and the Phillips Petitions as a result of his exercise of his constitutional right to vote in the Presidential Primary Election held on 3-15-16, are violations of the Plaintiff constitutional rights guaranteed under the U.S. Constitution 14th Amendment and the Ohio Constitution, Article 1, Section 2;

**Count V**
**Injunctive Relief-Constitutional Rights Violations**

67)     For purposes of Count V, Plaintiff does hereby incorporate by reference herein as if fully restated herein paragraphs 1 through 66;

68)     Plaintiff will suffer irreparable harm and injury as a result of the Defendants actions and conduct in denying the Plaintiff access to the ballot and the Phillips Petitions based upon the Ohio elections laws for judgeship including the application of ORC Section 3513.257, and violations of the Plaintiff constitutional rights guaranteed under the U.S. Constitution 1st Amendment and the Ohio Constitution, Article 1, Section 1, Article 1, Section 3, and Article 1, Section 11;

69)     Plaintiff will suffer irreparable harm and injury as a result of the Defendants actions and conduct in denying the Plaintiff access to the ballot and the Phillips Petitions based upon the Ohio elections laws for judgeship including the application of ORC Section 3513.257, and violations of the Plaintiff constitutional rights guaranteed under the U.S. Constitution 14th Amendment and the Ohio Constitution, Article 1, Section 2;

70)     Plaintiff will suffer irreparable harm and injury as a result of the Defendants actions and conduct in denying Phillips access to the ballot and the Phillips Petitions, and disqualifying Phillips Petitions as a result of his exercise of his constitutional right to vote in the Presidential Primary Election held on 3-15-16, and violations of the Plaintiff constitutional rights guaranteed under the U.S. Constitution 1st  Amendment and the Ohio Constitution, Article 1, Section 1, Article 1, Section 3, and Article 1, Section 11;

71)     Plaintiff will suffer irreparable harm and injury as a result of the Defendants actions and conduct in denying Phillips access to the ballot and the Phillips Petitions, and disqualifying Phillips Petitions as a result of his exercise of his constitutional right to vote in the Presidential Primary Election held on 3-15-16, and violations of the Plaintiff constitutional rights guaranteed under the U.S. Constitution 14th Amendment and the Ohio Constitution, Article 1, Section 2,

72)     Plaintiff has no adequate remedy in the ordinary course of law for such violations of the Plaintiff constitutional rights guaranteed under the U.S. Constitution 1st Amendment and the Ohio Constitution, Article 1, Section 1, Article 1, Section 3, and Article 1, Section 11;

73)     Plaintiff has no adequate remedy in the ordinary course of law for such violations of the Plaintiff constitutional rights guaranteed under the U.S. Constitution 14th Amendment and the Ohio Constitution, Article 1, Section 2;

74)     Plaintiff seeks injunctive relief, temporary, preliminary and permanent injunctions both preventive and mandatory injunctive relief regarding the violations of the Plaintiff constitutional rights guaranteed under the U.S. Constitution 1st Amendment and the Ohio Constitution, Article 1, Section 1, Article 1, Section 3, and Article 1, Section 11;

75)     Plaintiff seeks injunctive relief, temporary, preliminary and permanent injunctions both preventive and mandatory injunctive relief regarding the violations of the Plaintiff constitutional rights guaranteed under the U.S. Constitution 14th Amendment and the Ohio Constitution, Article 1, Section 2;

76)     Plaintiff seeks preventive injunctive relief prohibiting the enforcement and application of the unconstitutional actions and conduct of the Defendants, and enjoining the Defendants from such unconstitutional action and conduct;

77)     Plaintiff seeks mandatory injunctive relief compelling the enforcement and application of the constitutional enforcement and application of the election laws, compelling Phillips access to the ballot and ordering his placement on the ballot;

**Count VI**
**Violations of Election Laws and/or Abuse of Discretion**

78)     For purposes of Count VI, Plaintiff does hereby incorporate by reference herein as if fully restated herein paragraphs 1 through 77;

16

79)      The Defendants actions and conduct in denying Phillips access to the ballot and the

Phillips Petitions, and disqualifying Phillips Petitions as a result of his exercise of his

constitutional right to vote in the Presidential Primary Election held on 3-15-16, was in violation

of the elections law in the State of Ohio which treats all judicial offices as non-partisan ballots

and elections;

80)      The Defendants actions and conduct in denying Phillips access to the ballot and the

Phillips Petitions, and disqualifying Phillips Petitions as a result of his exercise of his

constitutional right to vote in the Presidential Primary Election held on 3-15-16, constituted an

abuse of discretion in the application of the elections law in the State of Ohio which treats all

judicial offices as non-partisan ballots and elections;

81)      As a direct result of the Defendants violation of the election law and abuse of discretion,

Defendants erroneous denied Phillips access to the ballot and the Phillips Petitions, and

disqualified the Phillips Petitions as a result of his exercise of his constitutional right to vote in

the Presidential Primary Election held on 3-15-16, when in fact Phillips should have been

granted access to the ballot and the Phillips Petitions should not been disqualified based upon his

exercise of his constitutional right to vote;

**Count VII**
**Declaratory Judgement Relief-Violations of Election Laws and/or Abuse of Discretion**

82)      For purposes of Count VII, Plaintiff does hereby incorporate by reference herein as if

fully restated herein paragraphs 1 through 81;

83)      There exists a controversy concerning the Plaintiff status and rights as a non-partisan

judicial candidate under the election laws of the State of Ohio;

84)      A declaration by this Court regarding the Plaintiff's status and rights as a non-partisan

judicial candidate under the election of the State of Ohio, will resolve this controversy;

17

85)     Plaintiff seeks a declaration by this Court of his status and rights as a non-partisan judicial candidate under the election laws of the State of Ohio;

**Count VIII**
**Injunctive Relief-Violations of Election Laws and/or Abuse of Discretion**

86)     For purposes of Count VIII, Plaintiff does hereby incorporate by reference herein as if fully restated herein paragraphs 1 through 85;

87)     Plaintiff will suffer irreparable harm and injury as a result of the Defendants actions and conduct in denying the Plaintiff access to the ballot and the Phillips Petitions based upon the Ohio elections laws for judgeship including the application of ORC Section 3513.257, and violations of the Plaintiff rights as a non-partisan judicial candidate under the election laws of the State of Ohio;

88)     Plaintiff has no adequate remedy in the ordinary course of law for such violations of the Plaintiff rights as a non-partisan judicial candidate under the elections laws of the State of Ohio;

89)     Plaintiff seeks injunctive relief, temporary, preliminary and permanent injunctions both preventive and mandatory injunctive relief regarding the violations of the Plaintiff rights as a non-partisan judicial candidate under the election laws under the State of Ohio;

90)     Plaintiff seeks preventive injunctive relief prohibiting the enforcement and application of the unlawful, illegal, and abuse of discretion actions and conduct of the Defendants, and enjoining the Defendants from such unlawful, illegal and abuse of discretion action and conduct;

91)     Plaintiff seeks mandatory injunctive relief compelling the enforcement and application of the lawful and legal enforcement and application of the election laws, compelling Phillips access to the ballot and ordering his placement on the ballot;

        Wherefore, the Plaintiff seeks the following judgments and relief from this Court;

1)      Plaintiff seeks a declaration by this Court and declaratory judgment relief, declaring that the Defendants actions and conduct in denying Phillips access to the ballot and the Phillips Petitions based upon the Ohio elections laws for judgeship including the application of ORC Section 3513.257, are violations of the Plaintiff constitutional rights guaranteed under the U.S. Constitution 14th Amendment and the Ohio Constitution, Article 1, Section 2;

2)      Plaintiff seeks a declaration by this Court and declaratory judgment relief, declaring that the Defendants actions and conduct in denying Phillips access to the ballot and the Phillips Petitions as a result of his exercise of his constitutional right to vote in the Presidential Primary Election held on 3-15-16, are violations of the Plaintiff constitutional rights guaranteed under the U.S. Constitution 14th Amendment and the Ohio Constitution, Article 1, Section 2;

3)      Plaintiff seeks a declaration by this Court and declaratory judgment relief, declaring that the Defendants actions and conduct in denying Phillips access to the ballot and the Phillips Petitions based upon the Ohio elections laws for judgeship including the application of ORC Section 3513.257, are violations of the Plaintiff constitutional rights guaranteed under the U.S. Constitution 1st  Amendment and the Ohio Constitution, Article 1, Section 1, Article 1, Section 3, and Article 1, Section 11;

4)      Plaintiff seeks a declaration by this Court and declaratory judgment relief, declaring that the Defendants actions and conduct in denying Phillips access to the ballot and the Phillips Petitions as a result of his exercise of his constitutional right to vote in the Presidential Primary Election held on 3-15-16, are violations of the Plaintiff constitutional rights guaranteed under the U.S. Constitution 1st  Amendment and the Ohio Constitution, Article 1, Section 1, Article 1, Section 3, and Article 1, Section 11;

5)      Plaintiff seek declaratory judgment relief upon Counts III and IV of the Plaintiff's Complaint;

6)      Plaintiff seeks injunctive relief, temporary, preliminary and permanent injunctions both preventive and mandatory injunctive relief regarding the violations of the Plaintiff constitutional rights guaranteed under the U.S. Constitution 1st Amendment and the Ohio Constitution, Article 1, Section 1, Article 1, Section 3, and Article 1, Section 11;

7)      Plaintiff seeks injunctive relief, temporary, preliminary and permanent injunctions both preventive and mandatory injunctive relief regarding the violations of the Plaintiff constitutional rights guaranteed under the U.S. Constitution 14th Amendment and the Ohio Constitution, Article 1, Section 2;

8)      Plaintiff seeks preventive injunctive relief prohibiting the enforcement and application of the unconstitutional actions and conduct of the Defendants, and enjoining the Defendants from such unconstitutional action and conduct;

9)      Plaintiff seeks mandatory injunctive relief compelling the enforcement and application of the constitutional enforcement and application of the election laws, compelling Phillips access to the ballot and ordering his placement on the ballot;

10)     Plaintiff seeks injunctive relief as requested in Count V of the Plaintiff's Complaint;

11)     Plaintiff seeks judgment upon Counts I and II of the Plaintiff's Complaint in his favor;

12)     Plaintiff seek judgment upon Count VI of the Plaintiff's Complaint in his favor;

13)     Plaintiff seeks a declaration by this Court of his status and rights as a non-partisan judicial candidate under the election laws of the State of Ohio;

14)     Plaintiff seeks declaratory judgment relief upon Count VII;

15)     Plaintiff seeks injunctive relief, temporary, preliminary and permanent injunctions both preventive and mandatory injunctive relief regarding the violations of the Plaintiff rights as a non-partisan judicial candidate under the election laws under the State of Ohio;

16)     Plaintiff seeks preventive injunctive relief prohibiting the enforcement and application of the unlawful, illegal, and abuse of discretion actions and conduct of the Defendants, and enjoining the Defendants from such unlawful, illegal and abuse of discretion action and conduct;

17)     Plaintiff seeks mandatory injunctive relief compelling the enforcement and application of the lawful and legal enforcement and application of the election laws, compelling Phillips access to the ballot and ordering his placement on the ballot;

18)     Plaintiff seeks injunctive relief upon Count VIII of the Plaintiff's Complaint;

19)     Plaintiffs seek costs and reasonable attorney fees incurred as a result of the Defendants actions and conduct pursuant to 42 USC Section 1988 and pursuant to the laws of the State of Ohio;

20)     Plaintiff seeks any and all other kinds of relief at law or in equity deemed advisable by this Court to the fullest extent provided by law or in equity;

Respectfully Submitted;

/s/ Gerald W. Phillips
Gerald W. Phillips (0024804)
Phillips & Co. L.P.A.
P.O. Box 269
Avon, Lake Ohio 44012
(440) 933-9142
Attorney Plaintiff

/s/ Edward M. Graham
Edward M. Graham (0001684)
Edward M. Graham Co. LPA
13363 Madison Ave.
Lakewood, Ohio 44017
(440) 228-1166
Attorney for Plaintiff

## Jury Demand

The Plaintiff demands a trial by jury on any and all issues to triable.

Respectfully Submitted;

/s/ Gerald W. Phillips
Gerald W. Phillips (0024804)
Phillips & Co. L.P.A.
Attorney Plaintiff

22