### In the United States District Court
### For the Northern District of Ohio
### Eastern Division

| | | |
|---|---|---|
| **Gerald W. Phillips** | ) | **CASE NO. 1:16 CV 1689** |
| | ) | |
| Plaintiff | ) | JUDGE: Solomon Oliver Jr. |
| | ) | |
| | ) | <u>**ANSWER OF DEFENDANTS…**</u> |
| | ) | <u>**Lorain County Board of Elections and**</u> |
| | ) | <u>**Thomas Smith and**</u> |
| | ) | <u>**Helen Hurst     and**</u> |
| vs. | ) | <u>**Anthony Giardini and**</u> |
| | ) | <u>**Marilyn Jacobcik**</u> |
| **Lorain County Board of Elections, et.al.** | ) | <u>**TO AMENDED COMPLAINT**</u> |
| | ) | |
| **Defendants** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ))) | |

1. Admit the allegations contained in paragraph 1 of the Amended Complaint.

2. Admit the allegations contained in paragraph 2 of the Amended Complaint.

3. Admit the allegations contained in paragraph 3 of the Amended Complaint.

4. Admit the allegations contained in paragraph 4 of the Amended Complaint.

5. Admit the allegations contained in paragraph 5 of the Amended Complaint.

1

6. Admit the allegations contained in paragraph 6 of the Amended Complaint.

7. Admit the allegations contained in paragraph 7 of the Amended Complaint.

8. Admit the allegations contained in paragraph 8 of the Amended Complaint.

9. Admit the allegations contained in paragraph 9 of the Amended Complaint.

10. Admit the allegations contained in paragraph 10 of the Amended Complaint.

11. Admit the allegations contained in paragraph 11 of the Amended Complaint.

12. Admit the allegations contained in paragraph 12 of the Amended Complaint.

13. Admit the allegations contained in paragraph 13 of the Amended Complaint.

14. Admit the allegations contained in paragraph 14 of the Amended Complaint.

15. Say that they are without knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint and therefore deny the same.

16. Admit the allegations contained in paragraph 16 of the Amended Complaint.

17. Admit the allegations contained in paragraph 17 of the Amended Complaint.

18. Admit the allegations contained in paragraph 18 of the Amended Complaint.

19. Admit the allegations contained in paragraph 19 of the Amended Complaint.

20. Admit the allegations contained in paragraph 20 of the Amended Complaint.

21. Admit the allegations contained in paragraph 21 of the Amended Complaint.

22. Admit the allegations contained in paragraph 22 of the Amended Complaint.

23. Admit the allegations contained in paragraph 23 of the Amended Complaint.

24. Admit the allegations contained in paragraph 24 of the Amended Complaint except as to the phrase "for relative ease of access to the ballot." Such statement is

an expression of opinion rather than an allegation of fact, as such is denied.

25. Admit the allegations contained in paragraph 25 of the Amended Complaint except deny that Section 3513.257(C) of the Revised Code places a heavy unconstitutional burden of access to the ballot.

26. Admit the allegations contained in paragraph 26 of the Amended Complaint.

27. Admit the allegations contained in paragraph 27 of the Amended Complaint.

28. Deny the allegations contained in paragraph 28 of the Amended Complaint.

29. Deny the allegations contained in paragraph 29 of the Amended Complaint.

30. Deny the allegations contained in paragraph 30 of the Amended Complaint.

31. Admit the allegations contained in paragraph 31 of the Amended Complaint.

32. Admit the allegations contained in paragraph 32 of the Amended Complaint to the extent that they state any judgeship office may be filled by a non-partisan candidate. Deny the allegations to the extent that they suggest all judicial candidates must run non-partisan in primary elections.

33. Admit the allegations contained in paragraph 33 of the Amended Complaint.

34. Deny the allegations contained in paragraph 34 of the Amended Complaint.

35. Deny the allegations contained in paragraph 35 of the Amended Complaint.

36. Deny the allegations contained in paragraph 36 of the Amended Complaint.

37. Admit that the excerpts contained in paragraph 37 of the Amended Complaint are taken from *Williams v. Rhodes*.

38. Deny the allegations contained in paragraph 38 of the Amended Complaint.

39. Deny the allegations contained in paragraph 39 of the Amended Complaint.

40. Admit that the excerpts contained in paragraph 40 of the Amended Complaint are taken from *Williams v. Rhodes*.

41. Deny the allegations contained in paragraph 41 of the Amended Complaint.

42. Deny the allegations contained in paragraph 42 of the Amended Complaint.

43. Deny the allegations contained in paragraph 43 of the Amended Complaint.

44. Deny the allegations contained in paragraph 44 of the Amended Complaint.

45. Deny the allegations contained in paragraph 45 of the Amended Complaint.

46. Deny the allegations contained in paragraph 46 of the Amended Complaint.

47. Reallege and incorporate by reference their answers to paragraphs 1-46 of the Amended Complaint.

48. Deny the allegations contained in paragraph 48 of the Amended Complaint.

49. Deny the allegations contained in paragraph 49 of the Amended Complaint.

50. Reallege and incorporate by reference their answers to paragraphs 1-49 of the Amended Complaint.

51. Deny the allegations contained in paragraph 51 of the Amended Complaint.

52. Deny the allegations contained in paragraph 52 of the Amended Complaint.

53. Reallege and incorporate by reference their answers to paragraphs 1-52 of the Amended Complaint.

54. Admit the allegations contained in paragraph 54 of the Amended Complaint.

55. Admit the allegations contained in paragraph 55 of the Amended Complaint.

56. Say that they are without knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Amended

Complaint and therefore deny the same.

57. Say that they are without knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Amended Complaint and therefore deny the same.

58. Paragraph 58 of the Amended Complaint are statements of the Plaintiffs goals and purposes for bringing the within action. Defendants are without sufficient knowledge of information to enable them to know Plaintiff's thoughts and cannot form a belief as to the truth of the allegations contained in said paragraph, and therefore deny the same.

59. Paragraph 59 of the Amended Complaint are statements of the Plaintiffs goals and purposes for bringing the within action. Defendants are without sufficient knowledge of information to enable them to know Plaintiff's thoughts and cannot form a belief as to the truth of the allegations contained in said paragraph, and therefore deny the same.

60. Reallege and incorporate by reference their answers to paragraphs 1-59 of the Amended Complaint.

61. Admit the allegations contained in paragraph 61 of the Amended Complaint.

62. Admit the allegations contained in paragraph 62 of the Amended Complaint.

63. Say that they are without knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Amended Complaint and therefore deny the same.

64. Say that they are without knowledge of information sufficient to form a belief as

to the truth of the allegations contained in paragraph 64 of the Amended Complaint and therefore deny the same.

65. Paragraph 65 of the Amended Complaint are statements of Plaintiffs goals and purposes for bringing the within action. Defendants are without sufficient knowledge of information to enable them to know Plaintiff's thoughts and cannot form a belief as to the truth of the allegations contained in said paragraph, and therefore deny the same.

66. Paragraph 66 of the Amended Complaint are statements of Plaintiffs goals and purposes for bringing the within action. Defendants are without sufficient knowledge of information to enable them to know Plaintiff's thoughts and cannot form a belief as to the truth of the allegations contained in said paragraph, and therefore deny the same.

67. Reallege and incorporate by reference their answers to paragraphs 1-66 of the Amended Complaint.

68. Deny the allegations contained in paragraph 68 of the Amended Complaint.

69. Deny the allegations contained in paragraph 69 of the Amended Complaint.

70. Deny the allegations contained in paragraph 70 of the Amended Complaint.

71. Deny the allegations contained in paragraph 71 of the Amended Complaint.

72. Deny the allegations contained in paragraph 72 of the Amended Complaint.

73. Deny the allegations contained in paragraph 73 of the Amended Complaint.

74. Paragraph 74 of the Amended Complaint are statements of Plaintiffs goals and purposes for bringing the within action. Defendants are without sufficient

knowledge of information to enable them to know Plaintiff's thoughts and cannot form a belief as to the truth of the allegations contained in said paragraph, and therefore deny the same.

75. Paragraph 75 of the Amended Complaint are statements of Plaintiffs goals and purposes for bringing the within action. Defendants are without sufficient knowledge of information to enable them to know Plaintiff's thoughts and cannot form a belief as to the truth of the allegations contained in said paragraph, and therefore deny the same.

76. Paragraph 76 of the Amended Complaint are statements of Plaintiffs goals and purposes for bringing the within action. Defendants are without sufficient knowledge of information to enable them to know Plaintiff's thoughts and cannot form a belief as to the truth of the allegations contained in said paragraph, and therefore deny the same.

77. Paragraph 77 of the Amended Complaint are statements of Plaintiffs goals and purposes for bringing the within action. Defendants are without sufficient knowledge of information to enable them to know Plaintiff's thoughts and cannot form a belief as to the allegations contained in said paragraph, and therefore deny the same.

78. Reallege and incorporate by reference their answers to paragraphs 1-77 of the Amended Complaint.

79. Deny the allegations contained in paragraph 79 of the Amended Complaint.

80. Deny the allegations contained in paragraph 80 of the Amended Complaint.

81. Deny the allegations contained in paragraph 81 of the Amended Complaint.

82. Reallege and incorporate by reference their answers to paragraphs 1-81 of the Amended Complaint.

83. Admit the allegations contained in paragraph 83 of the Amended Complaint.

84. Say that they are without knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Amended Complaint and therefore deny the same.

85. Paragraph 85 of the Amended Complaint are statements of Plaintiffs goals and purposes for bringing the within action. Defendants are without sufficient knowledge of information to enable them to know Plaintiff's thoughts and cannot form a belief as to the truth of the allegations contained in said paragraph, and therefore deny the same.

86. Reallege and incorporate by reference their answers to paragraphs of 1-85 of the Amended Complaint.

87. Deny the allegations contained in paragraph 87 of the Amended Complaint.

88. Deny the allegations contained in paragraph 88 of the Amended Complaint.

89. Paragraph 89 of the Amended Complaint are statements of Plaintiffs goals and purposes for bringing the within action. Defendants are without sufficient knowledge of information to enable them to know Plaintiff's thoughts and cannot form a belief as to the truth of the allegations contained in said paragraph, and therefore deny the same.

90. Paragraph 90 of the Amended Complaint are statements of Plaintiffs goals and

purposes for bringing the within action. Defendants are without sufficient knowledge of information to enable them to know Plaintiff's thoughts and cannot form a belief as to the truth of the allegations contained in said paragraph, and therefore deny the same.

91. Paragraph 91 of the Amended Complaint are statements of Plaintiffs goals and purposes for bringing the within action. Defendants are without sufficient knowledge of information to enable them to know Plaintiff's thoughts and cannot form a belief as to the truth of the allegations contained in said paragraph, and therefore deny the same.

92. Deny each and every allegation contained in the Amended Complaint not herein specifically admitted.

## SECOND DEFENSE

93. Section 3513.257 of the Revised Code does not place a heavy or severe burden generally with respect to persons who consider themselves independents, nor does it place such a burden as applied individually to Plaintiff as a non-partisan or independent candidate.

94. Section 3513.257 of the Revised Code does not generally nor in its specific application to Plaintiff deprive Plaintiff of his right to vote, nor does it in any way violate the First or Fourteenth Amendments of the United States Constitution or the Constitution of the State of Ohio.

95. Section 3513.257 of the Revised Code is constitutional because its requirements are reasonable, nondiscriminatory qualifying conditions on independent

candidates which do not impose a severe burden on the voters and candidates rights under the First and Fourteenth Amendments to the United States Constitution.

96. Section 3513.257 of the Revised Code creates conditions upon independent candidates which are consistent with the states compelling governmental interest in regulating the election process regarding:

   a) in having orderly, fair and honest elections instead of chaos

   b) In maintaining the integrity of the political process by preventing interparty raids and intraparty feuds

   c) in maintaining various routes to the ballot

   d) by assuring that elections are operated equitably and efficiently

   e) by preventing candidates that are prompted by short-range political goals, pique, or personal quarrel

   f) By preventing parties from fielding an independent candidate to capture and bleed off votes in general election that might otherwise go to another party

*Jolivette v. Husted* 886. Supp. 2d 820 (6th Cir. Ohio 2012)

97. The State of Ohio and Defendants have a legitimate governmental interest in establishing a vetting process for candidates for the general election to assure that such candidates have some viable, significant modicum of support for their candidacy and avoid overcrowded ballots. Such interest seeks to prevent the

clogging of the election machinery, avoid voter confusion, assure that the winner of an election is the choice of the majority, or at least a strong plurality of those voting. *Storer et al. v. Brown* 415 U.S. 724, 94 S. Ct. 1274, 39 L.Ed. 2d 714 (1974)

### THIRD DEFENSE

98. Section 3513.257 of the Revised Code does not generally nor in its application specifically to Plaintiff deprive Plaintiff of access to the ballot or deny Plaintiff of equal protection of the law in violation of the First Amendment to the Constitution of the United States or the Constitution of the State of Ohio.

### FOURTH DEFENSE

99. Plaintiff sought appointment by the Republican Party to the position of Lorain County Common Pleas Court, for which he sought candidacy in the March primary.

100. Plaintiff's motivation for candidacy was not a legitimate disaffiliation with the Republican Party, but rather inspired by his personal pique to exact revenge against the Republican Party for not appointing him to the judgeship.

101. The requirements that a candidate be politically unaffiliated contained in Sections 3501.01(I) and 3513.257 of the Revised Code are not vague, unreasonable or discriminatory. *Morrison v. Colley* 467 Fd. 3d 503 (6th Cir Ohio 2006).

102. The State and Defendants have a legitimate governmental purpose in maintaining

the integrity of the various routes and protecting the political process from frivolous or fraudulent candidacies. Plaintiff is exactly this kind of candidate.

## FIFTH DEFENSE

103. The application of Section 3513.257 of the Revised Code to independent candidates who claim on the day before a primary that they are not affiliated with any political party is constitutionally permissible. *Jolivette v. Husted* 694 F. 3d 760 (6th Cir. Ohio 2012)

104. The disqualification of an independent candidate pursuant to Section 3513.257 of the Revised Code based on a finding that a candidates claim to have disaffiliated is not made in good faith because the candidate is not actually unaffiliated is constitutionally permissible. *Jolivette v. Husted.*

105. A candidate who votes in a party primary the day after filing for candidacy as an independent has not made a good faith claim that he is with a party and is not qualified as an independent for purposes of candidacy in that election. *Morrison v. Colley* 467 F. 3d 503 (6th Cir. Ohio 2006)

## SIXTH DEFENSE

106. Application of Section 3513.257 of the Revised Code to deny access to the ballot as an independent because a candidate failed to disaffiliate from a party does not violate the First Amendment right of freedom of political association and is permissible to maintain the integrity of different paths to the ballot. *Jolivette v. Husted* 694 F. 3d 760 (6th Cir. Ohio 2012)

## SEVENTH DEFENSE

107.  The Amended Complaint fails to state a claim upon which relief may be granted against Defendants.

WHEREFORE, Defendants pray that the Amended Complaint against them be dismissed and they be permitted to go hence without cost.

Respectfully submitted,

DENNIS P. WILL, #0038129
Prosecuting Attorney
Lorain County, Ohio

Gerald A. Innes, #0009020
Daniel F. Petticord, #0060009
Assistant Prosecuting Attorneys
Attorneys For Defendants
Lorain County Board of Elections &
Thomas Smith &
Helen Hurst &
Anthony Giardini &
Marilyn Jacobick
Lorain County Justice Center
225 Court St. 3rd Floor
Elyria, Ohio 44035
Phone: (440) 329-5398

PROOF OF SERVICE

This is to certify that a copy of the foregoing Answer of Defendants to Amended Complaint, was served by regular U.S. Mail this 20th day of July, 2016, upon the following;

| | |
|---|---|
| Gerald W. Phillips<br>Phillips & Co. LPA<br>P.O. Box 269<br>Avon Lake, Ohio 44012<br>Attorney for Plaintiff | State of Ohio<br>Attorney General<br>Mike DeWine<br>30 East Broad St. 14th Floor<br>Columbus, Ohio 43215 |
| Edward M. Graham<br>Edward M. Graham Co. LPA<br>13363 Madison Ave.<br>Lakewood, Ohio 44017<br>Attorney for Plaintiff | State of Ohio<br>Secretary of State<br>Jon Husted<br>180 East Broad St. 16th Floor<br>Columbus, Ohio 43215 |

_____
Gerald A. Innes, #0009020
Daniel F. Petticord, #0060009
Assistant Prosecuting Attorneys
Attorneys For Defendants
Lorain County Board of Elections, et al.