# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **GERALD W. PHILLIPS,** | |
| Plaintiff, | Case No. 1:16-cv-1689 |
| v. | Judge Solomon Oliver Jr. |
| **LORAIN COUNTY BOARD OF ELECTIONS, et al.,** | Magistrate Judge Nancy A. Vecchiarelli |
| Defendants. | |

## MOTION TO DISMISS OF DEFENDANT THE OHIO SECRETARY OF STATE

Now comes Defendant Ohio Secretary of State Jon Husted and, pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves this Court to dismiss Plaintiff Gerald Phillips's complaint for failure to state a claim on which relief can be granted. The reasons for this Motion are more fully set forth in the attached memorandum in support.

Respectfully submitted,

MIKE DeWINE
Ohio Attorney General

*s/ Nicole M. Koppitch*
NICOLE M. KOPPITCH (0082129)*
   *Lead and Trial Counsel*
BRODI J. CONOVER (0092082)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614- 728-7592
nicole.koppitch@ohioattorneygeneral.gov
brodi.conover@ohioattorneygeneral.gov

*Counsel for Defendants State of Ohio, Ohio Secretary of State Jon Husted and Ohio Attorney General Mike DeWine*

**MEMORANDUM IN SUPPORT**

**I.    INTRODUCTION**

Plaintiff Gerald Phillips's Amended Complaint seeks a declaration that Ohio Rev. Code § 3513.257 is unconstitutional under the First and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. § 1983.  Specifically, he alleges that his right to vote under the First Amendment was impaired because the Lorain County Board of Elections ("the Board") rejected his independent candidacy based, in part, on his act of voting in the Republican primary *after* submitting his nominating petitions to run as an independent candidate.  He also contends that the difference in signature requirements for independent judicial candidates and partisan judicial candidates amounts to a violation of the Equal Protection Clause of the Fourteenth Amendment.  Mr. Phillips believes that because the number of petition signatures required for independent judicial candidates under Ohio Rev. Code § 3513.257(C) is based on a percentage of votes cast for governor and the number required for partisan candidates is fixed, the signature requirement is unconstitutional.

On the face of the Complaint, Mr. Phillips puts forth no facts that support deviating from the well-settled case law upholding the constitutionality of Ohio Rev. Code § 3513.257.  Additionally, Mr. Phillips readily acknowledges that after he submitted his nominating petitions to run as an *independent* candidate, he cast a ballot in the *Republican* primary election.  The existing case law supports the Board's decision and provides that post-petition conduct, such as voting in a partisan election, negates any pre-petition claim of unaffiliation from any political party.  Without a good faith claim of unaffiliation, Mr. Phillips cannot qualify as an independent candidate, and thus the Board reasonably rejected Mr. Phillips's independent candidacy.  The

courts have consistently held that Ohio's statutory scheme is constitutional, and thus all of Mr. Phillips's allegations fail to state a claim for relief.

## II. FACTUAL BACKGROUND

On March 14, 2016, Mr. Phillips filed nominating petitions seeking to run as an independent candidate for Judge of the Lorain County Court of Common Pleas in the November 2016 general election. *See* Compl. at ¶ 10. On March 15, 2016, after Mr. Phillips filed his statement of candidacy declaring his independence from any political party, he cast an in-person ballot to vote in the Republican primary election. *Id.* at ¶ 14.

On April 4, 2016, the Board held a hearing to determine whether Mr. Phillips was, in good faith, unaffiliated from any of Ohio's political parties and therefore eligible to run as an independent candidate. *Id.* at ¶ 18. Following that hearing the Board unanimously voted against certifying Mr. Phillips's candidacy. *Id.* at ¶ 19. The Board's decision was based on two grounds. First, the Board determined that Mr. Phillips's petitions contained only 138 valid signatures. *Id.* at ¶ 12. Pursuant to Ohio Rev. Code § 3513.257, Mr. Phillips needed 778 (1% of the number of votes cast for governor in the last election) valid signatures on his nominating petition. *Id.* at ¶ 13. Second, the Board denied Mr. Phillips's independent candidacy because he voted in the Republican primary after he filed his independent candidate papers. *Id.* at ¶ 19.

## III. LAW AND ARGUMENT

### A. Mr. Phillips fails to state a claim for relief as a matter of law.

#### 1. Standard of Review

Dismissal of this action is necessary because Mr. Phillips fails to state a claim for relief. A motion to dismiss for failure to state a claim tests the legal adequacy of the complaint; therefore, the complaint is construed in the light most favorable to the non-moving party and all

3

factual allegations are accepted as true. *See Hanner v. City of Dearborn Heights*, 450 Fed. App'x. 440, 443 (6th Cir. 2011). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although detailed allegations are not required, a claim is facially plausible only if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Conclusory allegations are not sufficient. *Id*.

### 2. § 1983 Action

Pursuant to 42 U.S.C. § 1983, Mr. Phillips argues that the actions related to denying him access to the ballot, as well as the signature requirement for independent candidates under Ohio Rev. Code § 3513.257(C), violate his First Amendment and equal protection rights. A § 1983 claim must satisfy two elements: "1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *Ellison v. Garbarino,* 48 F.3d 192, 194 (6th Cir. 1995). Mr. Phillips argues that the Board's determination that he negated his claim of unaffiliation by voting in the Republican primary after filing as an independent candidate violated his rights under the First and Fourteenth Amendments. Compl. at ¶¶ 40-59. Specifically, Mr. Phillips claims that the Board denied him access to the ballot "as a result of his exercise of his constitutional right to vote." *Id*. at ¶ 42.

The Sixth Circuit has expressly and consistently rejected such challenges to Ohio Rev. Code § 3513.257. *See Morrison v. Colley*, 467 F.3d 503 (6th Cir. 2006) (upholding Ohio Rev. Code § 3513.257 against First and Fourteenth Amendment challenges because the law does not impose a severe restriction on the constitutional rights of independent candidates or voters); *Jolivette v. Husted*, 694 F.3d 760 (6th Cir. 2012) (holding that Ohio Rev. Code § 3513.257's

requirement that independent candidates claim disaffiliation on the day before the primary is constitutionally permissible). There is nothing on the face of Mr. Phillips's Complaint that supports deviating from this clear line of case law, and thus his constitutional challenges to Ohio Rev. Code § 3513.257 fail as a matter of law.

Under Ohio law, a person may run as an independent candidate by filing a statement of candidacy and nominating petitions no later than four p.m. on the day before the primary election. Ohio Rev. Code § 3513.257. An independent candidate is defined as "any candidate who claims not to be affiliated with a political party . . . ." Ohio Rev. Code § 3501.01(I); *State ex rel. Davis v. Summit Cnty. Bd. of Elections*, 998 N.E.2d 1093, 1096 (Ohio 2013). Notably, "one cannot register with the secretary of state's office as an independent." *State ex rel. Davis*, at 1096. Instead, the Supreme Court of Ohio has recognized that Ohio Rev. Code § 3513.257 requires an independent candidate to make a declaration of disaffiliation in good faith. *Id.* (citing *Morrison*, 467 F.3d 503). A county board of elections has the authority to invalidate a candidate's petition if the candidate is not unaffiliated as required by Ohio Rev. Code § 3501.256. *See* Ohio Rev. Code § 3501.39(A)(3); *see also State ex rel. Yeager v. Richland Cnty. Bd. of Elections*, 995 N.E.2d 228, 232 (Ohio 2013).

In determining whether a claim of disaffiliation is made in good faith, courts have distinguished between pre- and post-petition activity when assessing the sincerity of a candidate's claim. Courts have found that certain behavior *after* a candidate files as an independent undermines the candidate's "good faith" disaffiliation. *See State ex rel. Davis*, at 1096. Specifically, Ohio courts have found a lack of good faith when a candidate votes an absentee ballot in a partisan primary *after* filing as an independent candidate. *See State ex rel. Lorenzi v. Mahoning Cnty. Bd. of Elections*, Ohio App. Unrep., 2007-Ohio-5879, 2007 WL

5

3227667, at *6 (Ohio App. 7th Oct. 25, 2007) (no abuse of discretion in decertifying relator's nominating petition where record demonstrated relator voted in the Democratic primary *after* she filed as an independent candidate); *State ex rel. Wilkerson v. Trumbull Cnty. Bd. of Elections*, Ohio App. Unrep., 2007-Ohio-4762, 2007 WL 2696769, at *7 (Ohio App. 11th Sept. 13, 2007) ("[T]he act of voting in the primary would be sufficient to establish that the candidate was not truly independent for purposes of running for public office."). This conclusion makes sense; if a candidate truly is unaffiliated with a political party, then he or she will not continue to associate with that party *after* a claim of such unaffiliation. Specifically, where the act of voting in a primary is the one true way to associate one's self with a particular party, as is the case in Ohio, evidence of affiliation after declaring as an independent belies the sincerity of the disaffiliation.

The Sixth Circuit's decision in *Morrison v. Colley* highlights this point.[1] In *Morrison*, the plaintiff candidate, *after filing his independent candidacy*, voted in the 2006 Republican primary election, among other activities. 467 F.3d at 510. The court rejected the plaintiff's constitutional challenges to Ohio Rev. Code § 3513.257, finding that his post-petition actions "evinced a desire to be affiliated with the Republican Party" by, in part, "voting in the Republican primary. . . ." *Id.* Such actions "precluded a good faith claim to be unaffiliated with any party" at the time of his independent candidacy filings. *Id.*

The court in *Morrison* also held that the nonaffiliation requirement under Ohio Rev. Code § 3513.257 imposed only a small burden on would-be candidates, and thus the state need only

---

[1] Mr. Phillips references Secretary of State Advisory Opinion No. 2007-05, maintaining that any reliance on this Advisory Opinion by defendants is unconstitutional. Compl. at ¶ 44. The Secretary of State issued this Advisory Opinion in response to the *Morrison* decision to provide clear guidelines for boards of elections deciding a candidate's independence. Indeed, courts have affirmed the constitutionality of Advisory Opinion No. 2007-05, and held that it serves as notice for would-be independent candidates. *See Jolivette*, 886 F. Supp. 2d at 830 ("The Court notes that *Morrison,* along with the Secretary of State's Advisory Opinion, places candidates on notice that certain specific conduct, namely voting in a party primary or serving on a party committee, are absolute bars to a good faith claim of independence.").

show that the requirement advances an important state interest, which is met here. *See id.* at 508 (noting that the State's interest is specified in the statute itself: "The general assembly finds that the filing deadline for independent candidates in primary elections required in this section is reasonably related to the state's purpose of ensuring fair and honest elections while leaving unimpaired the political, voting, and associational rights secured by the first and fourteenth amendments to the United States Constitution."). The court in *Jolivette* affirmed that Ohio Rev. Code § 3513.257 is a constitutionally permissible means by which the State of Ohio can maintain "the integrity of its different routes to the ballot – the partisan primary and the independent petition," and thus the law does not "impose a constitutionally impermissible burden." 694 F.3d at 769-770.

Mr. Phillips's equal protection claims, which are premised on the differentiation in Ohio election statutes regarding independent and partisan judicial candidates, are likewise meritless. Mr. Phillips does not assert that the two groups he identifies—partisan and independent candidates for judgeship—are similarly situated, requiring equal application of the challenged law. In the context of comparing independent and partisan candidates, a plaintiff alleging an equal protection violation "must establish that the two groups, partisan and independent candidates, are similarly situated with respect to the routes they must take to get on the general election ballot." *Van Susteren v. Jones,* 331 F.3d 1024, 1027 (9th Cir. 2003). Mr. Phillips thus fails to state a claim for an equal protection violation.

The Sixth Circuit has expressly held that for purposes of an equal protection challenge to election regulations "independent candidates and partisan candidates are not similarly situated." *Jolivette*, 694 F.3d at 771-72 (citing *Jenness v. Fortson*, 403 U.S. 431, 440-41 (1971)); *see also Curry v. Buescher*, 394 Fed. App'x 438, 447 (10th Cir. 2010). Indeed, the Sixth Circuit upheld

7

the constitutionality of the signature requirement in Ohio Rev. Code § 3513.257 in an action brought by a would-be independent candidate for United States Congress, holding that independent and partisan candidates are not similarly situated. *See Miller v. Lorain Cnty. Bd. of Elections*, 141 F.3d 252, 259 (6th Cir. 1998) ("It cannot be said that the route open to an independent candidate through a petition is more burdensome than that open to a party candidate.") (citing *Jenness*, 403 U.S. at 440-441 (1971) (recognizing that alternate paths to the ballot may necessitate a different statutory scheme, and that because these pathways are different independent candidates are not similarly situated to partisan candidates for purposes of an equal protection challenge)). Mr. Phillips has not averred that independent and partisan candidates are similarly situated, nor can he in light of the established case law. He therefore fails to state an equal protection claim as a matter of law.

Finally, it should be noted that while Mr. Phillips relies heavily on the Supreme Court case *Williams v. Rhodes* as apparent support for his claims, application of this case is misplaced. The election statutes at issue in *Williams v. Rhodes*, which related to the formation of independent political parties, have since been amended. 393 U.S. 23 (1968). Moreover, notwithstanding *Williams v. Rhodes*, courts have consistently held that not all state restrictions on political parties and elections are unconstitutional and that states "may, and inevitably must, enact reasonable regulations of parties, elections, and ballots to reduce election- and campaign-related disorder." *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358 (1997); *see also Duncan v. Husted*, 125 F. Supp. 3d 674, 679-680 (S.D. Ohio 2015) ("The Supreme Court has repeatedly recognized . . . that the right to vote in any manner and the right to associate for political purposes through the ballot not are absolute . . . [and] not all restrictions imposed by the

States on candidates' ballot access impose constitutionally suspect burdens on voters' rights to associate or to choose among candidates.") (citations omitted).

### B. Mr. Phillips fails to state any claim against the Secretary of State.

Dismissal of this action is also necessary because Mr. Phillips has not made *any* allegations against Secretary Husted (let alone allegations sufficient to state a cognizable claim for relief). *See generally* Compl. In fact, with the exception of the case caption, Secretary Husted's name appears nowhere in the Complaint. *Id.* Nor does Mr. Phillips seek any specific relief from the Secretary. *Id.* Further, because the Board's decision was unanimous, the Board did not submit the vote to the Secretary prior to issuing its decision and the Secretary did not participate in the Board's decision to reject Mr. Phillips's candidacy. *See* Ohio Rev. Code § 3501.11(X) (in cases of a tie vote or disagreement, the director or chairperson of a board shall submit the matter in controversy to the Secretary, who shall decide the question).

Because Mr. Phillips does not seek relief from or assert any allegations against the Secretary, he is neither an appropriate nor necessary party to this lawsuit. Consequently, the Secretary must be dismissed from this action.

### IV. CONCLUSION

For the reasons set forth above, Mr. Phillips's Complaint should be dismissed in its entirety for failure to state a claim for relief. In the alternative, Ohio Secretary of State Jon Husted should be dismissed from this action as Mr. Phillips has failed to state a claim for relief against the Secretary.

Respectfully submitted,

MIKE DEWINE
Ohio Attorney General

*s/ Nicole M. Koppitch*
NICOLE M. KOPPITCH (0082129)*
*\*Lead and Trial Counsel*
BRODI J. CONOVER (0092082)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614- 728-7592
nicole.koppitch@ohioattorneygeneral.gov
brodi.conover@ohioattorneygeneral.gov

*Counsel for Defendants State of Ohio, Ohio Secretary of State Jon Husted and Ohio Attorney General Mike DeWine*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the U.S. District Court, Northern District of Ohio, on July 27, 2016, and served upon all parties of record via the court's electronic filing system.

*s/ Nicole M. Koppitch*
NICOLE M. KOPPITCH (0082129)
Associate Assistant Attorney General