**In the United States District Court
For the Northern District of Ohio
Eastern Division**

| | |
|---|---|
| Gerald W. Phillips ) | |
| ) | Case No. 1:16 CV 1689 |
| ) | |
| ) | |
| Plaintiff ) | Judge: Solomon Oliver Jr. |
| ) | |
| vs. ) | Magistrate: Nancy A. Vecchiarelli |
| ) | |
| ) | Brief In Opposition to Motion to Dismiss |
| Lorain County Board of Elections, et al ) | |
| ) | |
| Defendants ) | |
| ) | |

Now comes the Plaintiff who does hereby request that this Court deny the Defendants State of Ohio, Jon Husted, Secretary of State and Mike DeWine, Attorney General Motion to Dismiss for failure to state a claim upon which relief can be granted filed pursuant to Federal Rule of Civil of Procedure 12 (B) (6) upon grounds that the Plaintiff's Amended Complaint when construing any and **all** allegations and facts contained in the Amended Complaint including reasonable inferences therefrom are accepted as true and every doubt is resolve in the Plaintiff's favor, *Zalusky vs United Am. Healthcare Corp*. (2008) (6th Cir.) 527 F. 3rd 564, 570, *Bell Atlantic Corp. vs. Twombly* (2007) 550 US 544, 127 St. Ct. 1955, 167 L. Ed 2nd 929, *Conley vs. Gibson* (1957) 355 US 41, 45, clearly states a cause of action for declaratory judgment and injunctive relief, since there is clearly a controversy concerning the constitutional rights of the Plaintiff and an adjudication and declaration of the rights and relations of the Plaintiff concerning his constitutional rights regarding his candidacy and petition for judgeship will resolve the controversy as is more clearly evidenced by the pleadings before this Court, Verified Amended

1

Complaint with exhibits, and the attached Memorandum In Support, all incorporated by reference herein as if fully restated herein.

There are **only** two (2) reasons why a Motion to Dismiss for failure to state a claim upon which relief can be granted under Federal Civil Rule of Procedure 12 (B) (6) is sustained and granted, first, where there is **no** controversy, or second a declaration by the Court will **not** resolve or terminate the controversy, *Grand Trunk Western Railroad Company vs. Consolidated Rail Corporation* (1984) (6th Cir.) 746 F 2nd 323, 326 ("The two principle criteria guiding the policy in favor of rendering a declaratory judgment are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. It follows what when neither of these results can be accomplished, the court should decline to render the declaration prayed"), *Fioresi vs. State Farm Automotive Insurance Company* (1985) 26 O App 3rd 203, Syllabus ("There are only two reasons for dismissing a complaint for declaratory judgment pursuant to Civ. Rule 12(B)(6): (1) where there is no real controversy or justiciable issue between the parties, or (2) where the declaratory judgment will not terminate the uncertainty or controversy under R.C. 2721.07. Otherwise, the court is required to issue a judgment declaring the rights or legal relations, or both, of the parties, and the court errs when it dismisses the complaint for failure to state a claim under Civ. R. 12(B)(6)"). In the present case, there is clearly a controversy presented concerning the constitutional rights of the Plaintiff regarding the Petitions and his candidacy and a declaration by this Court of the Plaintiff's rights and relations regarding the Petitions and his candidacy will clearly resolve and terminate the controversy. The Defendants State of Ohio, Jon Husted, Secretary of State and Mike DeWine,

Attorney General Motion to Dismiss for failure to state a claim upon which relief can be granted filed pursuant to Federal Rule of Civil of Procedure 12 (B) (6) must be denied.

               Respectfully Submitted;

               /s/ Gerald W. Phillips
               Gerald W. Phillips (0024804)
               Phillips & Co. L.P.A.
               P.O. Box 269
               Avon, Lake Ohio 44012
               (440) 933-9142
               Attorney Plaintiff

               /s/ Edward M. Graham
               Edward M. Graham (0001684)
               Edward M. Graham Co. LPA
               13363 Madison Ave.
               Lakewood, Ohio 44017
               (440) 228-1166
               Attorney for Plaintiff

**Proof of Service**

A copy of the Brief In Opposition was served upon the Defendants pursuant to the electronic filing system of the Court this 10th day of August 2016;

               /s/ Gerald W. Phillips
               Gerald W. Phillips (0024804)
               Phillips & Co. L.P.A.
               Attorney Plaintiff

**Memorandum In Support**

**I.      Standard of Review**

When reviewing a Motion to Dismiss filed pursuant to Federal Civil Rule of Procedure 12 (B) (6) for failure to state a claim upon which relief can be granted, the motion is directly **solely** to the Complaint itself, and any and **all** allegations and facts contained in the Complaint including any and all reasonable inferences therefrom are accepted as true and every doubt is resolve in the plaintiff's favor. *Zalusky vs United Am. Healthcare Corp*. (2008) (6th Cir.) 527 F. 3rd 564, 570, *Bell Atlantic Corp. vs. Twombly* (2007) 550 US 544, 127 St. Ct. 1955, 167 L. Ed 2nd 929, *Conley vs. Gibson* (1957) 355 US 41, 45.

There are **only** two (2) reasons why a Motion to Dismiss for failure to state a claim upon which relief can be granted under Federal Civil Rule of Procedure 12 (B) (6) is sustained and granted, first, where there is **no** controversy, or second a declaration by the Court will **not** resolve or terminate the controversy, *Grand Trunk Western Railroad Company vs. Consolidated Rail Corporation* (1984) (6th Cir.) 746 F 2nd 323, 326 ("The two principle criteria guiding the policy in favor of rendering a declaratory judgment are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. It follows what when neither of these results can be accomplished, the court should decline to render the declaration prayed"), *Fioresi vs. State Farm Automotive Insurance Company* (1985) 26 O App 3rd 203, Syllabus ("There are only two reasons for dismissing a complaint for declaratory judgment pursuant to Civ. Rule 12(B)(6): (1) where there is **no** real controversy or justiciable issue between the parties, or (2) where the declaratory judgment will **not** terminate the uncertainty or controversy under R.C. 2721.07. Otherwise, the court is required to issue a

judgment declaring the rights or legal relations, or both, of the parties, and the court errs when it dismisses the complaint for failure to state a claim under Civ. R. 12(B)(6)").

## II.  Factual Allegations

The following facts and reasonable inferences appear from the Verified Amended Complaint which pursuant to the standard of review are accepted as true:

### Parties

1) Plaintiff Gerald W. Phillips is a resident, citizen, taxpayer and elector in Lorain County, Ohio residing at 461 Windward Way, Avon Lake, Ohio 44012 ("Phillips") (Amended Complaint Par. 1);

2) Defendant Lorain County Board of Elections is the duly authorized board of elections for Lorain County, Ohio ("Board") operating under the direction and control of the Defendant Secretary of State of Ohio, Jon Husted, chief election officer in the State of Ohio, whose principal office is located at 1985 North Ridge Road East, Lorain, Ohio 44055 in Lorain County, Ohio (Amended Complaint Par. 2);

3) Defendants Thomas Smith ("Smith"), Helen Hurst ("Hurst"), Anthony Giardini ("Giardini"), and Marilyn Jacobcik ("Jacobcik"), are duly authorized and appointed board members of the Defendant Board (Amended Complaint Par. 3;

4) Defendant State of Ohio, Secretary of State Jon Husted, is the duly authorized elected secretary of the State for Ohio, and is the chief election officer for the State of Ohio ("Secretary") ("Husted") (Amended Complaint Par. 4);

5) Defendant State of Ohio, Attorney General Mike DeWine, is the duly authorized elected attorney general of the State of Ohio, and is responsible for upholding the constitutionality of all

laws in the State of Ohio including election laws ("Attorney General") ("DeWine") (Amended Complaint Par. 5);

6) Defendants Board, Smith, Hurst, Giardini and Jacobcik are made parties hereto in their official capacity as election officials and election board, whose duties include the enforcement and application of the election laws of the State of Ohio, state action (Amended Complaint Par. 6);

7) Defendants Secretary, Attorney General, Husted and DeWine are made parties hereto in their official capacity, as chief election officer and as chief counsel for the State of Ohio, whose duties include the enforcement and application of the elections laws of the State of Ohio, including their constitutional enforcement and application, state action (Amended Complaint Par. 7);

## Facts

8) On 3-14-16 Phillips timely filed fourteen (14) part petitions containing one hundred fifty-one (151) signatures for the Lorain County Common Pleas Court Judgeship for the unexpired term ending 1-4-19 ("Petitions"), which election is to be held at that the general election to be held on 11-8-16 (Amended Complaint Par. 10);

9) Phillips is a duly licensed attorney at law practicing law in the State of Ohio for over 38 years and as such is qualified under the laws of the State of Ohio for the office of judge (Amended Complaint Par. 11);

10) The Board reviewed the Petitions and determined that the Petitions contained one hundred thirty-eight (138) valid signatures of electors in Lorain County (Amended Complaint Par. 12);

11) Pursuant to ORC Section 3513.257 the Board determined that the number of signatures needed on the Petitions were 778 (1% x 77,820) (Amended Complaint Par. 13);

12) On 3-15-16 Phillips voted in the Presidential Primary Election requesting a republican primary ballot (Amended Complaint Par. 14);

13) Phillips only voted for the office of president and for issues at the primary election held on 3-15-16, he did not vote for any other offices (Amended Complaint Par. 15);

14) Phillips is not a party officer, and he has not been a member, elected or appointed, of a controlling committee, whether representing the territory of the state, a district therein, a county, township, a city, a ward, a precinct, or other territory, of a major or minor political party (Amended Complaint Par. 16);

15) Phillips has not ever held an elective office as a candidate of a major or minor political party (Amended Complaint Par. 17);

16) On 4-4-16, the Board held a meeting on independent candidacy petitions including the Phillips Petitions (Amended Complaint Par. 18);

17) At the Board meeting the Board unanimously voted to reject the Petitions upon advice of its Counsel, for the following two reasons: A) the Petitions did not have 778 valid signatures; and 2) that Phillips by his voting in the Presidential Primary Election by requesting a republican primary ballot, was disqualified as an independent candidate, a true and accurate copy of the Board meeting minutes for 4-4-16 is attached as Exhibit C (Amended Complaint Par. 19);

18) On 3-14-16 Phillips challenge the constitutionality of ORC Section 3513.257 claiming that it is unconstitutional on its face and as applied to independent candidates, a true and accurate copy of his letter dated 3-14-16 is attached as Exhibit A (Amended Complaint Par. 20);

19) On 3-15-16 Phillips challenge the constitutionality of his voting in the primary election, a true and accurate copy of his letter dated 3-15-16 is attached hereto as Exhibit B (Amended Complaint Par. 21);

20) On 4-28-16 the Board approved the meeting minutes from its 4-4-16 meeting, Exhibit C (Amended Complaint Par. 22);

**Signature Requirement-Unconstitutional Burden**

21) Pursuant to ORC Section 3513.05 major party candidates, democrats and republicans, signature requirement for common pleas court judge is 50 signatures, and minor party candidates signature requirement for common pleas court judge is 25 signatures (Amended Complaint Par. 23);

22) ORC Section 3513.05 provides for a fixed number of signatures for major party candidates and minor party candidates and provides for a relative ease of access to the ballot (Amended Complaint Par. 24);

23) ORC Section 3513.257 (C) provides a percentage method for the number of signature for independent candidates for judicial office, which places upon such judicial candidates a heavy unconstitutional burden of access to the ballot (Amended Complaint Par. 25);

24) Pursuant to ORC Section 3513.257 (C) the number of signatures needed for independent candidates for common pleas court judge in a county where the number of votes cast for governor in the last election for governor is 5,000 or more, is 1% of the number of votes cast in said county for governor in said last election (Amended Complaint Par. 26);

25) Pursuant to ORC Section 3513.257 (C) Phillips would need 778 signatures (Amended Complaint Par. 27);

26) The right to vote is "heavily burdened" if that vote may be cast only for major party candidates at a time when other parties or other candidates are clamoring for a place on the ballot, *Williams vs. Rhodes* (1968) 393 US 23, 32 (Amended Complaint Par. 28);

27) ORC Section 3513.257 unconstitutionally burdens the right of individuals to associate for the advancement of political beliefs, and the right of qualified voters regardless of their political persuasion to cast their votes effectively, rights guaranteed under the U.S. Constitution 1st Amendment, freedom of speech, right to peacefully assemble, and the right to petition ones government for redress of grievances, and the Ohio Constitution Article 1, Section 1, Article 1, Section 3, and Article 1, Section 11, *Williams vs. Rhodes* (1968) 393 US 23, 30-31 (Amended Complaint Par. 29);

28) ORC Section 3513.257 unconstitutionally violates the constitutionally rights of independent candidates for judgeship in Ohio by denying them equal protection of the law guaranteed under the U.S. Constitution 14th Amendment and the Ohio Constitution Article 1, Section 2 (Amended Complaint Par. 30);

29) Ohio Election law ORC Section 3505.08 provides for four types of ballots, one being a non-partisan ballot (Amended Complaint Par. 31);

30) Ohio Election law ORC Section 3505.04 provides for non-partisan ballots for all judgeship offices (Amended Complaint Par. 32);

31) It is the well-established and settled law and policy of the State of Ohio that judgeship offices are non-partisan, a judge in his official capacity can serve no party, promulgate no partisan theories of government, and encourage no partisan measures (Amended Complaint Par. 33);

32) ORC Section 3513.257 imposes a burden which falls unequally on independent candidates for judgeship, which impinges by its very nature on associated choices protected by the U.S. Constitution 1st Amendment and the Ohio Constitution Article 1, Section 1, Article 1, Section 3, and Article 1, Section 11 (Amended Complaint Par. 34);

33) ORC Section 3513.257 discriminates against those candidates of particular importance against those voters whose political preferences lie outside the major political parties, and limits the opportunities of independent minded voters to associate in the electoral arena to enhance their political effectiveness as a group, such restriction reduces diversity and competition in the marketplace of ideas, in violation of the U.S. Constitution 14th Amendment and the Ohio Constitution, Article 1, Section 2 (Amended Complaint Par. 35);

34) Under the Ohio electoral system for judgeship, such system strongly favors the "two party system" and in particular it discriminates in favor of two particular parties the democrats and the republicans, and in effect tends to give them a complete monopoly over the electoral process for judgeship in Ohio, *Williams vs. Rhodes* (1968) 393 US 23, 32 (Amended Complaint Par. 36);

35) There is of course no reason why two parties should retain a permanent monopoly on the right to have people vote for or against them. Competition in ideas and government policies is at the core of our electoral process and of the First Amendment freedoms, *Williams vs. Rhodes* (1968) 393 US 23, 32 (Amended Complaint Par. 37);

36) Under the Ohio electoral system for judgeship, the election laws of the State of Ohio taken on a whole, including ORC Section 3513.257, on its face and as applied to the Phillips Petitions and independent judicial candidates, unconstitutionally denies Plaintiff and other similar situated independent candidates equal protection and/or provides a special privilege for

major party judicial candidates in violation of the U.S. Constitution 14th Amendment and the Ohio Constitution Article 1, Section 2 (Amended Complaint Par. 38);

37) Under the Ohio electoral system for judgeship, the election laws of the State of Ohio taken on a whole, including ORC Section 3513.257, on its face and as applied to the Phillips Petitions and independent judicial candidates, unconstitutionally burdens the right of individuals to associate for the advancement of political beliefs, and the right of qualified voters regardless of their political persuasion to cast their votes effectively, rights guaranteed under the U.S. Constitution 1st Amendment, freedom of speech, right to peacefully assemble, and the right to petition ones government for redress of grievances, and the Ohio Constitution Article 1, Section 1, Article 1, Section 3, and Article 1, Section 11, *Williams vs. Rhodes* (1968) 393 US 23, 30-31 (Amended Complaint Par. 39);

### Constitutional Right to Vote-Unconstitutional Burden

38) With reference to the right to vote, no right is more precious in a free country than that of having a voice in the election of those who interpret and apply the laws under which as good citizens we must live. Other rights even the most basic are illusory if the right to vote is undermined, *Williams vs. Rhodes* (1968) 393 US 23, 32 (Amended Complaint Par. 40);

39) Defendants actions and conduct in disqualifying Phillips and the Phillips Petitions as a result of his exercise of his constitutional right to vote in the Presidential Primary Election held on 3-15-16, is unconstitutional impinging upon the right of individuals to associate for the advancement of political beliefs, and the right of qualified voters regardless of their political persuasion to cast their votes effectively, rights guaranteed under the U.S. Constitution 1st Amendment, freedom of speech, right to peacefully assemble, and the right to petition ones government for redress of grievances, and the Ohio Constitution Article 1, Section 1, Article 1,

Section 3, and Article 1, Section 11, *Williams vs. Rhodes* (1968) 393 US 23, 30-31 (Amended Complaint Par. 41);

40) Defendants actions and conduct in disqualifying Phillips and the Phillips Petitions as a result of his exercise of his constitutional right to vote in the Presidential Primary Election held on 3-15-16, is unconstitutional denying him equal protection of the laws, rights guaranteed under the U.S. Constitution 14th Amendment, and the Ohio Constitution Article 1, Section 2; *Williams vs. Rhodes* (1968) 393 US 23, 30-31 (Amended Complaint Par. 42);

41) To the extent that the Defendants relied upon Secretary of State Advisory Opinion 2007-05 in disqualifying Phillips Petitions as a result of his exercise of his constitutional right to vote in the Presidential Primary Election held on 3-15-16, such reliance and application is unconstitutional impinging upon the right of individuals to associate for the advancement of political beliefs, and the right of qualified voters regardless of their political persuasion to cast their votes effectively, rights guaranteed under the U.S. Constitution 1st Amendment, freedom of speech, right to peacefully assemble, and the right to petition ones government for redress of grievances, and the Ohio Constitution Article 1, Section 1, Article 1, Section 3, and Article 1, Section 11, *Williams vs. Rhodes* (1968) 393 US 23, 30-31 (Amended Complaint Par. 43);

42) To the extent that the Defendants relied upon Secretary of State Advisory Opinion 2007-05 in disqualifying Phillips and the Phillips Petitions as a result of his exercise of his constitutional right to vote in the Presidential Primary Election held on 3-15-16, such reliance and application is unconstitutional denying him equal protection of the laws, rights guaranteed under the U.S. Constitution 14th Amendment, and the Ohio Constitution Article 1, Section 2; *Williams vs. Rhodes* (1968) 393 US 23, 30-31 (Amended Complaint Par. 44);

43) To the extent that the Defendants failed to treat Phillips as a non-partisan candidate in disqualifying Phillips and the Phillips Petitions as a result of his exercise of his constitutional right to vote in the Presidential Primary Election held on 3-15-16, such failure is unconstitutional impinging upon the right of individuals to associate for the advancement of political beliefs, and the right of qualified voters regardless of their political persuasion to cast their votes effectively, rights guaranteed under the U.S. Constitution 1st Amendment, freedom of speech, right to peacefully assemble, and the right to petition ones government for redress of grievances, and the Ohio Constitution Article 1, Section 1, Article 1, Section 3, and Article 1, Section 11, *Williams vs. Rhodes* (1968) 393 US 23, 30-31 (Amended Complaint Par. 45);

44) To the extent that the Defendants failed to treat Phillips as a non-partisan candidate in disqualifying Phillips and the Phillips Petitions as a result of his exercise of his constitutional right to vote in the Presidential Primary Election held on 3-15-16, such failure is unconstitutional denying him equal protection of the laws, rights guaranteed under the U.S. Constitution 14th Amendment, and the Ohio Constitution Article 1, Section 2; *Williams vs. Rhodes* (1968) 393 US 23, 30-31 (Amended Complaint Par. 46);

**III.  There is clearly a controversy concerning the constitutional rights of the Plaintiff and an adjudication and declaration of the rights and relations of the Plaintiff concerning his constitutional rights regarding his candidacy and Petition for judgeship will resolve the controversy**

The above allegations contained in the Plaintiff's Amended Complaint when construing any and **all** of these allegations and facts contained in the Amended Complaint including reasonable inferences therefrom are accepted as true and every doubt is resolve in the Plaintiff's favor, *Zalusky vs United Am. Healthcare Corp.* (2008) (6th Cir.) 527 F. 3rd 564, 570, *Bell*

*Atlantic Corp. vs. Twombly* (2007) 550 US 544, 127 St. Ct. 1955, 167 L. Ed 2nd 929, *Conley vs. Gibson* (1957) 355 US 41, 45, the Amended Complaint clearly states a cause of action for declaratory judgment and injunctive relief, since there is clearly a controversy concerning the constitutional rights of the Plaintiff regarding the Petitions and his candidacy and an adjudication and declaration of the rights and relations of the Plaintiff concerning his constitutional rights regarding his candidacy and the Petitions for judgeship will resolve the controversy.

There are **only** two (2) reasons why a Motion to Dismiss for failure to state a claim upon which relief can be granted under Federal Civil Rule of Procedure 12 (B) (6) is sustained and granted, first, where there is **no** controversy, or second a declaration by the Court will **not** resolve or terminate the controversy, *Grand Trunk Western Railroad Company vs. Consolidated Rail Corporation* (1984) (6th Cir.) 746 F 2nd 323, 326 ("The two principle criteria guiding the policy in favor of rendering a declaratory judgment are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. It follows what when neither of these results can be accomplished, the court should decline to render the declaration prayed"), *Fioresi vs. State Farm Automotive Insurance Company* (1985) 26 O App 3rd 203, Syllabus ("There are only two reasons for dismissing a complaint for declaratory judgment pursuant to Civ. Rule 12(B)(6): (1) where there is **no** real controversy or justiciable issue between the parties, or (2) where the declaratory judgment will **not** terminate the uncertainty or controversy under R.C. 2721.07. Otherwise, the court is required to issue a

judgment declaring the rights or legal relations, or both, of the parties, and the court errs when it dismisses the complaint for failure to state a claim under Civ. R. 12(B)(6)")[1].

Exhibit A and Exhibit B attached to the Amended Complaint, which must be accepted as true, clearly states, and emphasizes the controversy over the constitutionality of the signature requirement contained in ORC Section 3513.257 and the constitutionality of the voting in the presidential primary election.

Furthermore, the Counts and relief sought in the Amended Complaint also clearly indicates the existence of a controversy and the fact that a declaration of the rights and relations of the Plaintiff will resolve and terminate the controversy. Counts I, II, and VI allege violations of constitutional rights and state law. Count III, IV, and VII seek declaratory judgment relief regarding these violations of constitutional rights and state law.  Count V and VIII seek injunctive relief including mandatory injunctive relief compelling the Defendants to place the Plaintiff on the November 8, 2016 general election ballot, based upon these violations of these constitutional rights and state law[2].

---

[1] Defendants State of Ohio Jon Husted, Secretary of State and Mike DeWine, Attorney General did not file a Motion to Dismiss under Federal Rule of Civil Procedure 12 (B) (1) for lack of jurisdiction due to a pending related state cause of action; *Scottsdale Ins. Co. vs. Roumph* (2000) (6th Cir.) 211 F. 3rd 964 (listing criteria for accepting jurisdiction when pending state court action exists between same parties);

[2] Defendant Jon Husted is the chief election officer of the State of Ohio who duties include enforcement of the election law of the State of Ohio, (Amended Complaint Par.2, Par. 4 and Par. 7); ORC Section 3501.04 provides for the Secretary of State as chief election officer; ORC Section 3501.05 provides for the duties of the Secretary of State as chief election officer, including any and all ballot and petitions issues; See *Ohio State Conference of the NAACP vs. Jon Husted* (2014) (6th Cir.) 768 F. 3rd 524, *Obama for America vs. Jon Husted* (2012) (6th Cir.) 697 F.3rd 434, where Secretary of State was joined as a party for declaratory judgment and injunctive relief; Defendants argument that there is **no** claim for relief against Defendant Joh Husted as Secretary of State must be flatly rejected;.

This Court clearly has jurisdiction under the Federal Declaratory Judgment Act, 28 USC Section 2201 to render declaratory judgment relief, and due to the present of federal questions, the constitutionality of state statues and their application under the U.S. Constitution. Furthermore, ORC Section 2721 the Ohio Declaratory Judgment likewise provides for declaratory judgment relief. This Court has consistently and universally accepted jurisdiction concerning constitutional challenges involving Ohio law, and has rendered declaratory judgment relief and injunctive relief when appropriate to prevent the application of unconstitutional laws, statutes, and actions and conduct, *Ohio State Conference of the NAACP vs. Jon Husted* (2014) (6th Cir.) 768 F. 3rd 524, *Obama for America vs. Jon Husted* (2012) (6th Cir.) 697 F.3rd 434. In the present case, there is clearly a controversy presented concerning the constitutional rights of the Plaintiff regarding the Petitions and his candidacy and a declaration by this Court of the Plaintiff's rights and relations regarding the Petitions and his candidacy will clearly resolve and terminate the controversy. The Defendants State of Ohio, Jon Husted, Secretary of State and Mike DeWine, Attorney General Motion to Dismiss for failure to state a claim upon which relief can be granted filed pursuant to Federal Rule of Civil of Procedure 12 (B) (6) must be denied.

There is **no** pending related state court action involving these parties. There is **no** procedural fencing occurring, a race to the courthouse to obtain a decision in federal court, prior to a ruling in state court. There is **no** interference with any state court action. There is **no** federalism issue due to the lack of any related state court action involving the same parties. *Grand Trunk Western Railroad Company vs. Consolidated Rail Corporation* (1984) (6th Cir.) 746 F 2nd 323, 326, *Western World Ins. Company vs. Hoey* (2014) 343 F. 3rd 755 (case regarding state court action and federalism issues)[3].

---

[3] See Footnote No. 1

**Conclusion**

This Court must deny the Defendants State of Ohio, Jon Husted, Secretary of State and Mike DeWine, Attorney General Motion to Dismiss for failure to state a claim upon which relief can be granted filed pursuant to Federal Rule of Civil of Procedure 12 (B) (6) upon grounds that the Plaintiff's Amended Complaint when construing any and **all** allegation and facts contained in the Amended Complaint including reasonable inferences therefrom are accepted as true and every doubt is resolve in the Plaintiff's favor, *Zalusky vs United Am. Healthcare Corp*. (2008) (6th Cir.) 527 F. 3rd 564, 570, *Bell Atlantic Corp. vs. Twombly* (2007) 550 US 544, 127 St. Ct. 1955, 167 L. Ed 2nd 929, *Conley vs. Gibson* (1957) 355 US 41, 45, clearly states a cause of action for declaratory judgment and injunctive relief, since there is clearly a controversy concerning the constitutional rights of the Plaintiff and an adjudication and declaration of the rights and relations of the Plaintiff concerning his constitutional rights regarding his candidacy and petition for judgeship will resolve the controversy as is more clearly evidenced by the pleadings before this Court, Verified Amended Complaint with exhibits, and the attached Memorandum In Support, all incorporated by reference herein as if fully restated herein.

There are **only** two (2) reasons why a Motion to Dismiss for failure to state a claim upon which relief can be granted under Federal Civil Rule of Procedure 12 (B) (6) is sustained and granted, first, where there is **no** controversy, or second a declaration by the Court will **not** resolve or terminate the controversy, *Grand Trunk Western Railroad Company vs. Consolidated Rail Corporation* (1984) (6th Cir.) 746 F 2nd 323, 326 ("The two principle criteria guiding the policy in favor of rendering a declaratory judgment are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. It

17

follows what when neither of these results can be accomplished, the court should decline to render the declaration prayed"), *Fioresi vs. State Farm Automotive Insurance Company* (1985) 26 O App 3rd 203, Syllabus ("There are only two reasons for dismissing a complaint for declaratory judgment pursuant to Civ. Rule 12(B)(6): (1) where there is **no** real controversy or justiciable issue between the parties, or (2) where the declaratory judgment will **not** terminate the uncertainty or controversy under R.C. 2721.07. Otherwise, the court is required to issue a judgment declaring the rights or legal relations, or both, of the parties, and the court errs when it dismisses the complaint for failure to state a claim under Civ. R. 12(B)(6)").  In the present case, there is clearly a controversy presented concerning the constitutional rights of the Plaintiff regarding the Petitions and his candidacy and a declaration by this Court of the Plaintiff's rights and relations regarding the Petitions and his candidacy will clearly resolve and terminate the controversy.  The Defendants State of Ohio, Jon Husted, Secretary of State and Mike DeWine, Attorney General Motion to Dismiss for failure to state a claim upon which relief can be granted filed pursuant to Federal Rule of Civil of Procedure 12 (B) (6) must be denied.  This Court must hear this herein action upon the merits and render declaratory judgment relief and any appropriate injunctive relief, mandatory injunction[4].

Respectfully Submitted;

/s/ Gerald W. Phillips
Gerald W. Phillips (0024804)
Attorney Plaintiff

/s/ Edward M. Graham
 Edward M. Graham (0001684)
Attorney for Plaintiff

---

[4] Defendants are erroneously attempting to argument the merits of the case, which should be the subject of a Motion for Summary Judgment instead of a Federal Rule 12(B)(6) Motion to Dismiss