# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **GERALD W. PHILLIPS,** | : | |
| | : | |
| Plaintiff, | : | Case No. 1:16-cv-1689 |
| | : | |
| v. | : | Judge Solomon Oliver Jr. |
| | : | |
| **LORAIN COUNTY BOARD OF** | : | Magistrate Judge Nancy A. Vecchiarelli |
| **ELECTIONS, et al.,** | : | |
| | : | |
| Defendants. | : | |

---

## DEFENDANTS STATE OF OHIO, ATTORNEY GENERAL MIKE DeWINE AND SECRETARY OF STATE JON HUSTED'S REPLY IN SUPPORT OF THEIR MOTIONS TO DISMISS [DOCS. 8 and 9] PLAINTIFF'S AMENDED COMPLAINT [DOC. 3]

---

## I.    INTRODUCTION

As Defendants Attorney General Mike DeWine and Ohio Secretary of State Jon Husted asserted in their Motion to Dismiss [Docs. 8 and 9], Plaintiff's Amended Complaint [Doc. 3] does not state a claim upon which relief can be granted.  The parties agree on the facts at issue in this case, and these facts are dispositive of Plaintiff's claims under the clear and controlling case law.  Plaintiff fails to put forth any reason why this Court should overlook the well-settled line of authority on this issue.  None of the arguments in Plaintiff's Response in Opposition [Doc. 13] show that he can prove any set of facts to support his claim that would entitle him to relief, and Defendants' Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted.

### A.    Plaintiff has not and cannot put forth any facts in support of his claims that entitle him to relief.

Defendants do not dispute the factual allegations here.  Mr. Phillips acknowledges that he cast a ballot in the Republican primary election *after* he submitted his nominating petitions to run

as an independent candidate. *See* Am. Compl. at ¶¶ 10-14. Under the well-settled case law and statutory scheme in Ohio, this fact alone is dispositive of Mr. Phillips's claims.

Under Ohio Rev. Code § 3513.257 an independent candidate must make a declaration of disaffiliation in good faith. *See Morrison v. Colley*, 467 F.3d 503, 510 (6th Cir. 2006). The act of voting in a partisan primary *after* filing as an independent candidate negates a good faith claim of unaffiliation. *See id.* at 511 (defendant's claim of unaffiliation was not made in good faith when defendant voted in a partisan election the day after he filed his independent congressional candidacy petitions); *see also State ex rel. Lorenzi v. Mahoning Cnty. Bd. of Elections*, Ohio App. Unrep., 2007-Ohio-5879, 2007 WL 3227667, at *6 (Ohio App. 7th Oct. 25, 2007) (no abuse of discretion in decertifying relator's nominating petition where record demonstrated relator voted in the Democratic primary *after* she filed as an independent candidate); *State ex rel. Wilkerson v. Trumbull Cnty. Bd. of Elections*, Ohio App. Unrep., 2007-Ohio-4762, 2007 WL 2696769, at *7 (Ohio App. 11th Sept. 13, 2007) ("[T]he act of voting in the primary would be sufficient to establish that the candidate was not truly independent for purposes of running for public office.").[1] The decision of the Lorain County Board of Elections to reject Mr. Phillips's independent candidacy was thus reasonable and wholly supported by existing case law.

---

[1] The unaffiliation requirement for independent candidates has been applied in the context of various elected positions, and there is no distinction between judicial and non-judicial independent candidates under this statutory scheme. *See, e.g.*, *Lorenzi*, 2007 WL 3227667 (independent candidate for city council); *Wilkerson*, 2007 WL 2696769 (independent candidates for mayor and city council). Under Ohio Rev. Code § 3501.01(I), "independent candidate" is defined as "any candidate who claims not to be affiliated with a political party, and whose name has been certified on the office-type ballot at a general or special election through the filing of a statement of candidacy and nominating petition, as prescribed in section 3513.257 of the Revised Code." Ohio Rev. Code § 3501.01(I) (emphasis added). While all judicial candidates appear on nonpartisan ballots in the general election, judicial candidates who have opted to run as an independent – and thus claim, in good faith, to be unaffiliated from any political party – are not exempt from the unaffiliation requirement. *See State ex rel. Allen v. Warren Cnty. Bd. of Elections*, 874 N.E.2d 507, 509 (Ohio 2007) (holding that candidates for nonpartisan office are

2

The existing case law is likewise clear that Ohio Rev. Code § 3513.257 is constitutional as-applied in this case.  Mr. Phillips's general constitutional challenges to Ohio Rev. Code § 3513.257 fail as a matter of law because the Sixth Circuit has expressly and consistently rejected such challenges under similar facts.  *See Morrison*, 467 F.3d 503 (upholding Ohio Rev. Code § 3513.257 against First and Fourteenth Amendment challenges because the law does not impose a severe restriction on the constitutional rights of independent candidates or voters); *Jolivette v. Husted*, 694 F.3d 760, 769-770 (6th Cir. 2012) (holding that Ohio Rev. Code § 3513.257's requirement that independent candidates claim disaffiliation on the day before the primary is constitutionally permissible).  There is no legal basis, nor any facts, to support reversing this clear line of authority.

A motion under Rule 12(b)(6) tests the legal adequacy of the complaint; to survive such a motion a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Motions filed pursuant to Rule 12(b)(6) allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if all the facts alleged in the complaint are true.  *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  Here, Defendants do not dispute the facts alleged in the Amended Complaint, and the law is clear that Mr. Phillips is not entitled to relief under these facts.  Moreover, there are no additional facts that could change this outcome or make Mr. Phillips's claims for relief plausible.  Where, as here, there is no doubt that a plaintiff cannot put forth any facts in support of his claim that entitle him to relief, dismissal under Rule 12(b)(6) is appropriate.  *See Broyde v. Gotham Tower, Inc*., 13 F.3d 994, 996 (6th Cir. 1994); *see also Little v. UNUM Provident Corp.*, 196 F. Supp. 2d 659, 662 (S.D. Ohio 2002)

---

not required to disaffiliate from political parties <u>if</u> those candidates do not claim to be independent candidates) (emphasis added).

("The Court will grant a motion for dismissal under Rule 12(b)(6) if there is an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim.") (citations omitted).

In his Response in Opposition Mr. Phillips argues that there are only two reasons why a motion to dismiss under Rule 12(b)(6) should be granted: (1) there exists no real controversy between the parties, and (2) a declaratory judgment will not terminate the controversy.  *See* Pl. Memo. Opp., Doc. 13, at p. 14.  This is the standard that applies when a court is determining whether the action at issue is appropriate for declaratory judgement.  *See Grand Trunk W. R.R. Co. v. Consol. Rail Corp*., 746 F.2d 323 (6th Cir. 1984).[2]  This standard has been applied in the context of a motion to dismiss in the limited circumstance when a court grants a motion to dismiss before addressing the merits of the case.  *See Fioresi v. State Farm Mut. Auto Ins. Co*., 499 N.E.2d 5, 203-204 (Ohio Ct. App. 1985) (overturning the trial court's granting defendant's motion to dismiss on an insurance coverage dispute when the trial court did not give any indication that it interpreted the insurance policy at issue or otherwise addressed the merits of the case).  This standard is not applicable here.  Whether this action is appropriate for declaratory judgment is not at issue in Defendants' Motions to Dismiss.  Moreover, under *Fioresi*, applying this standard at this stage would be premature as this Court has not issued a ruling on the Motions to Dismiss.

---

[2]  There was no issue under Rule 12(b)(6) in this case; the court was deciding whether a declaratory judgment was appropriate for that action.  *See Grand Trunk W. R.R. Co.*, 746 F.2d at 326 ("The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.  It follows that when neither of these results can be accomplished, the court should decline to render the declaration prayed.").

**B.      Mr. Phillips fails to state any claims against Attorney General DeWine and Secretary of State Husted.**

In his Amended Complaint Mr. Phillips does not assert any allegations against Defendants Attorney General DeWine or Secretary of State Husted, nor does he seek relief from these parties.  *See generally* Am. Compl.  Plaintiff's Response in Opposition does not remedy this shortcoming.  These parties are neither appropriate nor necessary parties to this action. Consequently, the State, the Secretary, and the Attorney General must be dismissed from this action.

**II.      CONCLUSION**

As set forth above, Plaintiff fails to state a claim that entitles him to relief.  Moreover, the State of Ohio, Ohio Secretary of State Jon Husted, and Ohio Attorney General Mike DeWine should be dismissed from this action as Mr. Phillips has failed to state a claim for relief against these parties.  Accordingly, Defendants Attorney General DeWine and Secretary of State Husted request that this Court grant their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

MIKE DEWINE
Ohio Attorney General

*s/ Nicole M. Koppitch*
NICOLE M. KOPPITCH (0082129)*
    *Lead and Trial Counsel*
BRODI J. CONOVER (0092082)
HEATHER L. BUCHANAN (0083032)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614- 728-7592
nicole.koppitch@ohioattorneygeneral.gov
brodi.conover@ohioattorneygeneral.gov
heather.buchanan@ohioattorneygeneral.gov

*Counsel for Defendants State of Ohio, Ohio Secretary of State Jon Husted and Ohio Attorney General Mike DeWine*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the U.S. District Court, Northern District of Ohio, on August 18, 2016, and served upon all parties of record via the court's electronic filing system.


*s/ Nicole M. Koppitch*
NICOLE M. KOPPITCH (0082129)
Associate Assistant Attorney General