UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD W. PHILLIPS, | ) | Case No.: 1:16 CV 1689 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| LORAIN COUNTY BOARD | ) | |
| OF ELECTIONS, *et al.*, | ) | |
| | ) | |
| Defendants | ) | ORDER |

Currently pending before the court are Motions to Dismiss filed by Defendant Ohio Secretary of State Jon Husted (ECF No. 8), Defendant Ohio Attorney General Mike DeWine (ECF No. 9), and Defendants Lorain County Board of Elections, Thomas Smith, Helen Hurst, Anthony Giardini, and Marilyn Jacobcik (ECF No. 14.) Also pending is Plaintiff Gerald Phillips's Motion for Preliminary Injunction, Motion for Permanent Injunction, and Motion for Summary Judgment (ECF No. 16.) For the following reasons, the court grants each Defendant's Motion to Dismiss. The court denies Plaintiff's Motions as moot.

**I. FACTUAL BACKGROUND**

On March 14, 2016, Gerald Phillips ("Phillips") filed the necessary petitions to run as an independent candidate for judge on the Lorain County Court of Common Pleas. (Am. Compl. at ¶ 10, ECF No. 3.) The Lorain County Board of Elections (the "Board") reviewed Phillips's petitions and determined that of the 151 signatures he submitted, 138 were valid signatures of electors in Lorain County. (Am. Compl. at ¶ 12, ECF No. 3.) On March 15, 2016, the day after filing his

petitions to run as an independent candidate, Phillips voted in the Presidential Primary Election and requested a Republican ballot. (Am. Compl. at ¶ 14, ECF No. 3.)

On April 4, 2016, the Board, consisting of Defendant Board members Thomas Smith ("Smith"), Helen Hurst ("Hurst"), Anthony Giardini ("Giardini"), and Marilyn Jacobcik ("Jacobcik") (collectively, "Board Members"), unanimously voted to reject Phillips's candidacy for two reasons: 1) Phillips's petitions lacked the requisite 778 valid signatures required under section 3513.257 of the Ohio Revised Code, and 2) Phillips disqualified himself from running as an independent candidate when he chose to vote in the Republican Party's Presidential Primary. (Am. Compl. at ¶ 19, ECF No. 3.) Phillips filed a Complaint (ECF No. 1) on June 30, 2016, against the Board, Board Members, Ohio Secretary of State Jon Husted ("Husted"), and Ohio Attorney General Mike DeWine ("DeWine"), which he amended on July 5, 2016 (ECF No. 3.) Phillips alleged that the signature requirement of § 3513.257 and the Board keeping his name off the ballot "as a result of [the] exercise of his constitutional right to vote in the Presidential Primary" violated his First and Fourteenth Amendment rights; violated his rights under Sections 1, 2, 3, 11, and 16 of Article 1 of the Ohio Constitution; and amounted to "a violation of election laws and/or abuse of discretion." (Am. Compl. at ¶ 1-18, ECF No. 3, at 19-20.) He requested both a declaratory judgment and injunctive relief. (Am. Compl. at ¶1-18, ECF No. 3.) On July 27, 2016, Husted and DeWine each filed a Motion to Dismiss for Failure to State a Claim (ECF Nos. 8, 9.) The Board and Board Members filed a Motion to Dismiss (ECF No. 14) on August 12, 2016. Phillips filed a Motion for Preliminary Injunction, Motion for Permanent Injunction, and Motion for Summary Judgment (ECF No. 16) on August 13, 2016. The court addresses these Motions together.

## II. LEGAL STANDARD

The Supreme Court, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), clarified the law regarding what the plaintiff must plead in order to survive a Rule 12(b)(6) Motion. When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the Complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555. Even though a Complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.* A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A claim has "facial plausibility" when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Supreme Court explained that "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. LAW AND ANALYSIS

#### A. Signature Requirement

The Lorain County Board of Elections rejected Mr. Phillips's independent candidacy, in part, because he failed to acquire the necessary number of signatures mandated by Ohio law. Mr. Phillips

alleges that the difference in the signature requirements for independent candidates and partisan candidates violates the Equal Protection Clause of the Fourteenth Amendment.

### 1. Legal Landscape

Ohio law provides two methods for a candidate to appear on the general election ballot for Judge of the Lorain County Court of Common Pleas – one for partisan candidates and one for independent candidates. A candidate affiliated with a major political party must file at least fifty valid signatures and then appear on a primary ballot for a potentially contested party nomination. Ohio Rev.Code § 3513.05. Alternatively, an independent candidate may avoid the primary battle by filing a nominating petition containing the valid signatures of at least one percent of the qualified electors who live in his district and voted in the last gubernatorial election. Ohio Rev.Code § 3513.257(C). In Lorain County in 2016, the required number of signatures for an independent candidate to appear on the general ballot was 778. (Am. Compl. at ¶ 13, ECF No. 3.)

In order for Mr. Phillips to succeed in his challenge that the elevated signature requirement for independent candidates violates the Equal Protection Clause, he must show that independent candidates are similarly situated to the partisan candidates who have a less stringent signature requirement. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (The Equal Protection Clause requires that similarly-situated persons be treated equally.) Assuming he can make this showing, the court must then weigh "the character and magnitude of the [Plaintiff's asserted constitutional injury]" against "the precise interests put forward by the State as justifications for the burden imposed by its rule." *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1982). If the election regulation does not impose a severe burden, "a [s]tate's important regulatory interests will usually be enough to justify reasonable, nondiscriminatory restrictions." *Timmons v. Twin Cities*

*Area New Party*, 520 U.S. 351, 358 (1997).

### 2. Application

In *Miller v. Lorain County Bd. Of Elections*, 141 F.3d 252 (6th Cir. 1998), the Sixth Circuit upheld Ohio's signature requirement to an equal protection challenge. *Miller*, 141 F.3d at 258. The statutes in *Miller* were virtually identical to the ones here. They required partisan candidates to collect fifty signatures and win a primary election before being placed on the general election ballot, whereas independent candidates had to collect signatures of one percent of the qualified electors who lived in their district and who voted in the prior gubernatorial election in order to be placed on the general election ballot. *Id*. at 255. The *Miller* court noted that since a partisan candidate must win a primary election, whereas an independent candidate could bypass the primary and go straight to the general election, the two types of candidates were not similarly situated as required for an equal protection challenge. *See id*. at 258. The *Miller* Court also emphasized that neither of the two routes available are inherently more burdensome than the other. *Id.* (*citing Jenness v. Fortson*, 403 U.S. 431 (1971)).

Even after determining that independent and partisan candidates are not similarly situated, the Sixth Circuit still weighed the plaintiff's alleged burden against the State's justification, "given the importance of the issue declared." *Miller*, 141 F.3d at 257. The Sixth Circuit first emphasized that, in *Jenness v. Fortson*, the Supreme Court upheld a similar statutory scheme in Georgia that utilized a five percent signature requirement. Since Georgia's five percent signature requirement was upheld, the Sixth Circuit declared that "[u]ndoubtedly, Ohio's one percent requirement is not so burdensome as to render it unconstitutional." *Miller*, 141 F.3d at 257-58. The Sixth Circuit then identified Ohio's justifications for its statutory scheme as:

> Preservation of the integrity of the electoral process; regulating the number of candidates on the ballot to avoid undue voter confusion; establishment of a significant modicum of support; avoidance of deception which might frustrate the democratic process at the general election; encouragement of compromise and political stability; attempting to assure that the election winner will support a majority of the community; providing the electorate with an understandable ballot; prevention of inter-party raiding of voters; maintaining inter-party feuding to a minimum; and prevention of independent candidacies prompted by short range goals.

*Id*. at 258. Noting that states can legitimately require candidates to make a preliminary showing of support, the Sixth Circuit held that the burden imposed by the signature requirement did not render it unconstitutional. *Id*. at 258; *see also Anderson,* 460 U.S. at 788 n.9 ("[I]t is both wasteful and confusing to encumber the ballot with the names of frivolous candidates."). Notably, in the last paragraph of § 3513.257, Ohio lays out very similar justifications as those discussed in *Miller*.[1]

Since the signature requirement in this case is the same as the one upheld in *Miller*, this court finds that Ohio's signature requirement is constitutional and does not violate the Equal Protection Clause.

### B. Mr. Phillips's Independent Status

The Lorain County Board of Elections also rejected Mr. Phillips's independent candidacy, in part, because one day after submitting the nominating petitions to run as an independent candidate, he voted in the Republican Presidential Primary. Mr. Phillips alleges that the Board's rejection of his candidacy based on his act of voting in the Republican Presidential Primary unconstitutionally violates his First Amendment right to vote.

---

[1] ". . . The filing deadline for independent candidates required in this section prevents splintered parties and unrestrained factionalism, avoids political fragmentation, and maintains the integrity of the ballot. . . ."

**1. Legal Landscape**

Under Ohio Law, a person may run for office as an independent candidate by filing no later than 4:00 pm on the day before the primary election immediately preceding the general election. Ohio Rev.Code § 3513.257. A voter cannot affirmatively register as an independent, "except in the negative sense of not voting in partisan primaries or signing partisan nominating petitions." *State ex rel. Coughlin v. Summit Cty. Bd. of Elections*, 995 N.E.2d 1194, 1198 n.1 (Ohio 2013). An "independent candidate" means "any candidate who claims not to be affiliated with a political party, and whose name has been certified . . . through the filing of a . . . nominating petition, as prescribed in section 3513.257 of the Revised Code." Ohio Rev.Code § 3501.01.

In *Clingman v. Beaver*, 544 U.S. 581, 592 (2005), the Supreme Court articulated that election regulations which do not place a heavy or severe burden on a party are not subject to a strict scrutiny analysis. In these cases, "a [s]tate's important regulatory interests will usually be enough to justify reasonable, nondiscriminatory restrictions." *Id.* at 587.

In *Morrison v. Colley*, 467 F.3d 503, 511 (6th Cir. 2006), the Sixth Circuit rejected the plaintiff's claim that he was qualified to run as an independent candidate when he voted in the Republican Party's Primary Election one day after filing to run as an independent candidate for United States Congress. In analyzing the statutory scheme, the Sixth Circuit held that § 3513.257 does not impose a severe restriction on the First or Fourteenth Amendment rights of independent candidates or voters. *Id*. at 507. The Sixth Circuit then rejected the plaintiff's claim that his First Amendment rights were unconstitutionally hindered by § 3513.257. *Id*. at 508.

In 2007, as a direct response to *Morrison*, the Ohio Secretary of State issued advisory opinion number 2007-05, which directed Ohio election boards to invalidate the candidacy of

independent candidates who subsequently vote in partisan primary elections. OHIO SECRETARY OF STATE, No. 2007-05, INDEPENDENT CANDIDATES AND PARTY AFFILIATION (2007).

### 2. Application

Mr. Phillips's First Amendment challenge is essentially that independent candidates are forced to chose between voting in a party's primary election or running for office as an independent candidate; they cannot do both. The two questions this challenge presents are whether Mr. Phillips's right to vote was hindered by Ohio's election laws, and whether Ohio's requirement that independent candidates unaffiliate from political parties is constitutional.

Mr. Phillips's right to vote was not hindered by § 3513.257. Independent of Mr. Phillips's status as a candidate, he always maintained the right to vote in a party primary. The best evidence of this is that, in fact, Mr. Phillips actually voted. He does not allege that he was prohibited from voting, only that the act of voting prevented him from running as an independent candidate. Accordingly, Ohio's election laws never placed his constitutional right to vote in doubt.

The next question is whether Ohio can constitutionally prevent an individual from appearing on the ballot if, after filing to run as an independent candidate, the individual votes in a party primary. The Sixth Circuit answered this very question in *Morrison*, holding that such a prohibition is valid. *Morrison*, 467 F.3d at 511. The court explained that if the candidate's claim of independence is not made in good faith, there would be no reason for having the claim requirement at all. *Id.* at 509. *Morrison* held that since § 3513.257 is reasonable, nondiscriminatory, and does not place a severe burden on candidates, the State's important regulatory interests could justify the restriction. *Id.* at 507-08.

Ohio's regulatory interests here are obvious. As the Supreme Court noted, States have a

strong interest in preventing party raiding, "whereby voters in sympathy with one party designate themselves as voters of another party so as to influence or determine the results of the other party's primary." *Rosario v. Rockefeller*, 410 U.S. 752, 760-61 (1973). If an independent candidate could vote in a party primary, he could play a part in choosing his opponent in the general election. The Ohio Court of Appeals recognized that, "such an occurrence would be in conflict with the basic purpose of a primary election, which is to allow the party faithful to choose the person who will represent them against the opposing party." *State ex rel. Wilkerson v. Trumbull Cty. Bd. of Elections*, 2007 WL 2696769 (Ohio Ct. App. 2007).

Mr. Phillips's right to vote was never placed in jeopardy by § 3513.257. Additionally, the Sixth Circuit has upheld Ohio's requirement that independent candidates make their declaration of independence in good faith before being certified for placement on the ballot. Consequently, this court finds that § 3513.257 did not violate Mr. Phillips's First Amendment rights.

### IV. OHIO STATE LAW CLAIMS

In his Complaint and attachments, Mr. Phillips broadly alleges violations of Sections 1, 2, 3, 11, and 16 of Article 1 of the Ohio Constitution. These general claims are not accompanied by any supporting facts or allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Further, the case law Mr. Phillips references addresses only the United States Constitution. Without a sufficiently pleaded Complaint, the court cannot find any valid state constitutional issues.

Additionally, the court does not read Mr. Phillips's Complaint as articulating any other state law claims. While Mr. Phillips's Motion for Summary Judgment does raise the state law issue of whether a non-party candidate for the Court of Common Pleas must be bound by the rules regulating

independent candidates, Mr. Phillips admits in his Complaint that he petitioned for candidacy as an independent candidate and his Complaint centers around the constitutionality of Ohio's laws regarding independent candidates. *See e.g.*, Am. Compl. at ¶ 38, ECF No. 3. As explained above, § 3513.257 and the requirements it lays out for independent candidates are constitutional.

## V. VIOLATION OF ELECTION LAWS AND ABUSE OF DISCRETION

Mr. Phillips alleges in his Complaint that Defendants violated Ohio's election laws and/or abused their discretion. For the reasons explained above, the Ohio election laws, as challenged by Mr. Phillips, are constitutional. Therefore, Defendants did not violate election laws or abuse their discretion.

## VI. PLAINTIFF'S REQUESTS FOR INJUNCTIVE RELIEF AND SUMMARY JUDGMENT

Mr. Phillips's requests for injunctive relief and summary judgment are dismissed as moot.

## VII. CONCLUSION

For the foregoing reasons, this court grants Defendant Ohio Secretary of State Jon Husted's Motion to Dismiss (ECF No. 8), Defendant Ohio Attorney General Mike DeWine's Motion to Dismiss (ECF No. 9), and Defendants Lorain County Board of Elections, Thomas Smith, Helen Hurst, Anthony Giardini, and Marilyn Jacobcik's Motion to Dismiss (ECF No. 14.) The court denies Plaintiff Gerald Phillips's Motion for Preliminary Injunction, Motion for Permanent Injunction, and Motion for Summary Judgment (ECF No. 6) as moot.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

September 16, 2016